Filed 9-25-07

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **WILLIAM C. LEONARD** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | No. 1:07-cv-692 |
| **v.** | ) | |
| | ) | |
| | ) | |
| **THE UNITED STATES** | ) | |
| | ) | |
| **Defendant** | | |

## COMPLAINT

THE PLAINTIFF, by his undersigned counsel, brings this action against Defendant, and in support thereof avers as follows:

1. Plaintiff is Billy Leonard, with the current mailing address 825 Blackhorse Tavern Road, Gettysburg, PA 17325-7219.

2. The address on his return is 825 Blackhorse Tavern Road, Gettysburg, Pennsylvania 17325. Plaintiff's Social Security Number is 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.

3. The Defendant is the United States of America.

4. The Agency Code is TRE and jurisdiction code is Individual Income Tax 212.

5. Plaintiff on or about February 24, 2004 refinanced his home and paid the United States Treasury $134,908.16. A true and correct copy of the Settlement Statement HUD-1 is attached and marked as Exhibit A.

6. Said sum of $134,908.16 was agreed upon between the Department of Justice and the Plaintiff pursuant to the attached Exhibit B and C.

7. Defendant and on or about March 12, 2004 issued two Certificates of Release of Federal Tax Lien attached as Exhibit D and E.

8. Defendant owed Plaintiff a refund of $22,597.00 for tax year ending December 31, 1990. A copy of transcript from Court of Common Pleas, Chester County, Pennsylvania, Civil Action No. 06-08503 is attached as Exhibit F.

9. Defendant did not receive refund or credit as set forth in Exhibit F.

10. Defendant is entitled to refund of $22,597.00 together with reduction in interest and penalties.

11. Defendant is also entitled to reasonable attorney fees and costs.

Wherefore Plaintiff prays for judgment of $22,597.00 plus interest, penalty abatement and reasonable attorney fees.

Dated this 10th day of September, 2007

Respectfully submitted,

Eugene A. Steger, Esquire
Attorney for Plaintiff
PA Attorney ID #25370
Steger & Ring, P.C.
411 Old Baltimore Pike
Chadds Ford, PA 19317
610-388-7800
610-388-9332

# EXHIBIT "A"

EXHIBIT A

Feb 16 04 03:45a BC LEONARD (717) 334-7504 p.2

A. Settlement Statement

U.S. Department of Housing and Urban Development
OMB No. 2502-0265 REV. HUD-1 (3/86)

B. Type of Loan

| | | | |
|---|---|---|---|
| 1. ☐FHA 2. ☐FmHA 3. ☐Conv. Unins 4. ☐VA 5. ☐Conv. Ins. | 6. File Number 526-520 | 7. Loan Number | 8. Mortgage Insurance Case Number |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 02/24/2004 at 13:40 GAR

| | |
|---|---|
| D. NAME OF BORROWER | Billy C. Leonard |
| ADDRESS: | |
| E. NAME OF SELLER: | REFINANCE |
| ADDRESS: | |
| F. NAME OF LENDER: | Bank of Hanover and Trust Company |
| ADDRESS: | 2215 East Market Street, York, PA 17402 |
| G. PROPERTY ADDRESS: | 825 Black Horse Tavern Road, Gettysburg, PA 17325<br>Cumberland Township, Adams County |
| H. SETTLEMENT AGENT: | The Sentinel Agency LLC |
| PLACE OF SETTLEMENT: | 2145 North Second Street, Harrisburg, PA 17110 |
| I. SETTLEMENT DATE: | 02/24/2004 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 138,620.05 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 138,620.05 | 420. GROSS AMOUNT DUE TO SELLER | |
| 200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loans | 150,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. | |
| 205. | | 505. | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 150,000.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | |
| 300. CASH AT SETTLEMENT FROM OR TO BORROWER | | 600. CASH AT SETTLEMENT TO OR FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | 138,620.05 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | 150,000.00 | 602. Less reduction amount due seller (line 520) | |
| 303. CASH TO BORROWER | 11,379.95 | 603. CASH TO SELLER | 0.00 |

MAR-09-04 01:21PM FROM-THE SENTINEL AGENCY +17172348198 T-346 P.02/03 F-402

Feb 16 04 03:45a BC LEONARD (717) 334-7504 p.3

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
**SETTLEMENT STATEMENT** REV. HUD-1 (3/86)

File Number: 520-520 PAGE 2
TitleExpress Settlement System Printed 02/24/2004 at 13:40 GAR

| L. SETTLEMENT CHARGES | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $ @ 0.000 = | | |
| Division of commission (line 700) as follows: | | |
| 701. $ to | | |
| 702. $ to | | |
| 703. Commission paid at Settlement | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee % | | |
| 802. Loan Discount % | | |
| 803. Appraisal Fee | | |
| 804. Credit Report | | |
| 805. Commitment Fee to Bank of Hanover and Trust Company | 1,125.00 | |
| 806. Document Preparation to Bank of Hanover and Trust Company | 125.00 | |
| 807. Flood Certification to Bank of Hanover and Trust Company | 15.00 | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest From to @$ /day | | |
| 902. Mortgage Insurance Premium for to | | |
| 903. Hazard Insurance Premium for to | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. Hazard Insurance mo. @ $ /mo | | |
| 1002. Mortgage Insurance mo. @ $ /mo | | |
| 1003. City Property Tax mo. @ $ /mo | | |
| 1004. County Property Tax mo. @ $ /mo | | |
| 1005. School Taxes mo. @ $ /mo | | |
| 1009. Aggregate Analysis Adjustment | | |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or closing fee | | |
| 1102. Abstract or title search | | |
| 1103. Title examination | | |
| 1104. Title insurance binder | | |
| 1105. Document Preparation | | |
| 1106. Notary Fees | | |
| 1107. Attorney's fees to McNees, Wallace & Nurick (POC by Borrower) | | |
| (includes above items No: ) | | |
| 1108. Title Insurance to The Sentinel Agency LLC | 1,108.75 | |
| (includes above items No: ) | | |
| 1109. Lender's Policy 150,000.00 - 1,108.75 | | |
| 1110. Owner's Policy | | |
| 1111. END 100, 300 to The Sentinel Agency LLC | 100.00 | |
| 1112. | | |
| 1113. | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording Fees Deed $ ; Mortgage $ 60.00 ; Release $ | 60.00 | |
| 1202. City/County tax/stamps Deed $ ; Mortgage $ | | |
| 1203. State Tax/stamps Deed $ ; Mortgage $ | | |
| 1204. | | |
| 1205. Satisfaction Federal Tax Lien to Prothonotary (ESCROW) | 20.00 | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. Survey | | |
| 1302. Pest Inspection | | |
| 1303. Exp. mail Fed.Tax Lien Payoff to Postmaster | 13.65 | |
| 1304. Federal Tax Lien Payoff to The United States of America | 134,908.16 | |
| 1305. 2004 Cty./Twp. Tax (E13-48) to Donna J. Maring, Tax Collector | 976.27 | |
| 1306. 2004 Cty./Twp. Tax (E13-55A) to Donna J. Maring, Tax Collector | 158.22 | |
| 1307. Tax Certification (2@$5) to Donna J. Maring | 10.00 | |
| 1308. | | |
| **1400. TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | 138,620.05 | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Billy C Leonard [signature]
Billy C. Leonard

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

MAR-08-04 01:21PM FROM-THE SENTINEL AGENCY +17172348188 T-346 P.03/03 F-402

# EXHIBIT "B"

EXHIBIT
B

IRS Department of the Treasury
Internal Revenue Service

PHILADELPHIA PA 19255-0029

In reply refer to: 0374737911
Oct. 31, 2003 LTR 681C
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 198712 30 000 1
Input Op: 0374737911 03195
BODC: SB

BILLY LEONARD
% MONIQUE M ERICSON CPA
205 HEMLOCK ROAD
NEW CUMBERLAND PA 17070

Taxpayer Identification Number: 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
Tax Period(s): Dec. 31, 1987 Dec. 31, 1988

Form: 1040

Dear Taxpayer:

Thank you for your inquiry of Oct. 24, 2003.

We accept your offer to pay the amount you owe by Feb. 21, 2004. The total amount due is $134,908.16, including penalty and interest charges to that date. It is to your advantage to pay the amount due as soon as possible since we charge penalty and interest until you pay the total balance.

We've provided a general explanation of the possible penalties and/or interest included in the current balance due on your account. If you would like a specific explanation of how the amounts were computed on your account, please contact us at the toll-free number shown in this letter and we will send you a detailed computation.

** Paying Late -- IRC Section 6651(d) **

Initially, the penalty is 1/2% of the unpaid tax for each month or part of a month the tax isn't paid.

If we issue a Notice of Intent to Levy and the balance due isn't paid within 10 days from the date of the notice, the penalty increases to 1% a month.

The penalty can't be more than 25% of the tax paid late.

** Filing and Paying Late -- IRC Section 6651 **

We charge a 5% combined penalty of 4 1/2% for filing late and 1/2% for paying late when a return is filed late and the tax is not paid by the due date of the return. The combined penalty is 5% of the unpaid tax for each month or part of a month the return is late, but not more than 5 months, which would total 25% (22 1/2% late filing and 2 1/2% late paying).

In addition to the 22 1/2% late filing penalty for the first

0374737911
Oct. 31, 2003 LTR 681C
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 198712 30 000 1
Input Op: 0374737911 03196

BILLY LEONARD
% MONIQUE M ERICSON CPA
205 HEMLOCK ROAD
NEW CUMBERLAND PA 17070

5 months a return is late, we continue to charge the 1/2% late paying penalty for each month or part of a month for as long as the tax is unpaid, but not for more than 25%.

The maximum penalty we can charge is 47 1/2% (22 1/2% late filing plus 25% late paying).

** Partnership Late Filing -- IRC Section 6698(b) **

The penalty for late filing of a partnership return is $50 for each person who was a partner at any time during the year, for each month or part of a month the return was filed late, for up to 5 months.

** Interest -- IRC Section 6601 **

We charge interest when tax is not paid on time. We figure interest from the due date of the return (regardless of extensions) to the date we receive full payment or the date of the notice.

To ensure that your payment is properly and promptly credited to your account, please be sure to write three things on your check or money order: (1) your Taxpayer Identification Number, (2) the form number, and (3) the tax period. Attach a copy of this letter to your payment. We will take further collection action if you don't pay your bill as agreed. Your payments must reach us no later than the payment date indicated above.

THERE IS A COMPUTATION HOLD ON THE FAILURE TO PAY PENALTY ON TAX YEAR 1988, PLEASE CALL FOR YOUR LAST PAYMENT FOR ACCURACY.

If you have any questions, please call us toll free at 1-800-829-0115.

If you prefer, you may write to us at the address shown at the top of the first page of this letter.

Whenever you write, please include this letter and, in the spaces below, give us your telephone number with the hours we can reach you. Keep a copy of this letter for your records.

Telephone Number ( )____________________ Hours______________

0374737911
Oct. 31, 2003 LTR 681C
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 198712 30 000 1
Input Op: 0374737911 03197

BILLY LEONARD
% MONIQUE M ERICSON CPA
205 HEMLOCK ROAD
NEW CUMBERLAND PA 17070

Thank you for your cooperation.

Sincerely yours,

David Alito
Field Director, Compliance Services

# EXHIBIT "C"

EXHIBIT C

**From:** Anne Marchand
**To:** billleonard@adelphia.net; ericsoncpa@msn.com
**Date:** 2/24/04 2:19PM
**Subject:** Fwd: RE: Bill C. Leonard

Following is an email that I received from Scott Clarke at the IRS this afternoon. I have forwarded it to the title company and the amount of the IRS payoff is $134,908.16. Any questions, please let me know. Thank you for your assistance with this matter.

Anne E. Marchand, Real Estate Assistant
McNees Wallace & Nurick LLC
100 Pine Street
P. O. Box 1166
Harrisburg, PA 17108-1166
Direct Dial: (717) 237-5301
Fax: (717) 237-5300
amarchan@mwn.com

NOTICE: The foregoing message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error, then delete it. Thank you.

>>> "Russell.S.Clarke@usdoj.gov" <Russell.S.Clarke@usdoj.gov> 02/24/04 01:14PM >>>
I understood Daria to tell me that the $135,000 figure was better. But, if she said go with the $134,908.16 then go with it. That's who I've relied on along.

-----Original Message-----
From: amarchand@mwn.com [mailto:amarchand@mwn.com]
Sent: Tuesday, February 24, 2004 10:16 AM
To: Clarke, Russell S
Cc: ericsoncpa@msn.com; sweingar@mwn.com
Subject: RE: Bill C. Leonard

Scott, Monique Ericson spoke with Daria Gallen and Daria told her that you two had discussed the payoff amount and that you both agreed that you the payoff amount is $134,908.16 as listed in the 10/23/03 letter from the IRS to Mr. Leonard.

I just want to be sure that we send you the exact amount of the payoff due the IRS (and nothing more). Please let me know (once again) the payoff amount after you speak with Daria Gallen. The issue is that Daria is giving one figure to Monique and you are giving me a higher number.

Thank you.

Anne E. Marchand, Real Estate Assistant
McNees Wallace & Nurick LLC
100 Pine Street
P. O. Box 1166
Harrisburg, PA 17108-1166
Direct Dial: (717) 237-5301
Fax: (717) 237-5300
amarchan@mwn.com

NOTICE: The foregoing message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error, then delete it. Thank you.

# EXHIBIT "D"

EXHIBIT D

Form 668 (Z) (Rev. 10-2000) 1445

Department of the Treasury - Internal Revenue Service

# Certificate of Release of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #3
Lien Unit Phone: (412) 395-5265

Serial Number 239602128

For Use by Recording Office

I certify that the following-named taxpayer, under the requirements of section 6325 (a) of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions. Therefore, the lien provided by Code section 6321 for these taxes and additions has been released. The proper officer in the office where the notice of internal revenue tax lien was filed on February 12 1996, is authorized to note the books to show the release of this lien for these taxes and additions.

Name of Taxpayer
BILLY LEONARD

Residence 825 BLACKHORSE TAVERN RD
GETTYSBURG, PA 17325-7219

COURT RECORDING INFORMATION:

| Liber | Page | UCC No. | Serial No. |
|---|---|---|---|
| n/a | n/a | n/a | 61 of 1996 |

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1983 | 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 | 05/02/1989 | 06/01/1999 | 19221.67 |
| 1040 | 12/31/1986 | 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 | 05/04/1992 | 06/03/2002 | 29418.57 |
| 1040 | 12/31/1987 | 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 | 09/19/1988 | 10/19/1998 | 5650.51 |
| 1040 | 12/31/1987 | 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 | 05/04/1992 | 06/03/2002 | |
| 1040 | 12/31/1988 | 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 | 04/23/1990 | 05/23/2000 | 47162.76 |
| 6652 | 12/31/1986 | 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 | 08/31/1992 | 09/30/2002 | 201.23 |
| ******* | *********** | ************ | ********** | *********** | *************** |

Place of Filing
Prothonotary
Adams County
Gettysburg, PA 17325

Total $ 101654.74

This notice was prepared and signed at Philadelphia, PA, on this,

the 12th day of March, 2004.

Signature Linnette R Coleman

Title Compliance Technical Support Manager

(**NOTE:** Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Certificate of Release of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 2 - TAXPAYER COPY**

# EXHIBIT "E"

**EXHIBIT**
E

Form 668 (Z)
(Rev. 10-2000)

1445

Department of the Treasury - Internal Revenue Service

# Certificate of Release of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #3
Lien Unit Phone: (412) 395-5265

Serial Number
230058230

For Use by Recording Office

I certify that the following-named taxpayer, under the requirements of section 6325 (a) of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions. Therefore, the lien provided by Code section 6321 for these taxes and additions has been released. The proper officer in the office where the notice of internal revenue tax lien was filed on April 07 2000, is authorized to note the books to show the release of this lien for these taxes and additions.

Name of Taxpayer
BILLY LEONARD

Residence 825 BLACKHORSE TAVERN RD
GETTYSBURG, PA 17325-7219

COURT RECORDING INFORMATION:

| Liber | Page | UCC No. | Serial No. |
|---|---|---|---|
| n/a | n/a | n/a | 00-TL-139 |

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1988 | 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 | 04/23/1990 | 05/23/2000 | 47162.76 |
| ******* | *********** | ************ | ********** | *********** | **************** |

Place of Filing
Prothonotary
Adams County
Gettysburg, PA 17325

Total $ 47162.76

This notice was prepared and signed at Philadelphia, PA, on this,

the 12th day of March, 2004.

Signature Linnette R. Coleman

Title Compliance Technical Support Manager

(**NOTE:** Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Certificate of Release of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 2 - TAXPAYER COPY**

Form **668 (Z)** (Rev. 10-2000)
CAT. NO 600261

# EXHIBIT "F"

EXHIBIT
F

McNees Wallace & Nurick LLC
Jonathan H. Rudd, Esquire
Attorney I.D. No. 56880
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-237-5405 (phone)
717-237-5300 (fax)
jrudd@mwn.com (e-mail)
Attorneys for Defendant

| | |
|---|---|
| STEGER, GOWIE AND CO., INC., Plaintiff | : IN THE COURT OF COMMON PLEAS<br>: CHESTER COUNTY, PENNSYLVANIA<br>: |
| v. | : CIVIL ACTION-LAW<br>: |
| WILLIAM C. LEONARD, Defendant | :<br>: NO. 06-08503 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

1. Defendant had his 1990 initial tax assessment of $32,839.00 abated per the attached Exhibit "A".

**RESPONSE: Denied as stated. The IRS has consistently maintained that it did not receive Defendant's tax return for the 1990 tax year until November 30, 1994. Defendant has disputed this position. However, it appears that on November 3, 1994, prior to its alleged receipt of Defendant's tax return, the IRS prepared its own calculation of Defendant's tax liability for 1990. The IRS's initial tax assessment was for $45,199, not $32,839. This was assessed on 11/3/94. After a great deal of effort by Defendant and others that did not involve Plaintiff and happened before the Plaintiff was even involved with Defendant's tax matters, the IRS eventually corrected the 1990 tax year to reflect that the correct tax assessment was $12,560. As such, it abated $32,639 of the initial tax assessment of $45,199. Since Defendant had already paid taxes of $35,157, this amounted to**

**an overpayment of $22,597. Further, as reflected on a letter from the IRS to Defendant dated February 12, 2002, which is attached hereto as Exhibit A, it appears that the IRS denied Defendant's requests for abatement of interest and penalties.**

2. Defendant had his 1990 late filing penalty of $2,511 abated per the attached Exhibit "A".

**RESPONSE: Defendant admits that it appears that the late filing penalty for 1990 was abated based on the 1990 tax year transcript attached as Exhibit A. However, Defendant has had a great deal of difficulty dealing with the IRS and is not certain that the IRS did not simply abate penalties and interest in certain tax years in order to consolidate all interest and penalties in other tax years. Defendant's concern with the information on the transcript attached as Exhibit A is that the late filing penalty of $2,511 was purportedly assessed on 11/3/94, the date the tax was assessed of $45,199. However, the IRS claims it did not even receive the 1990 tax return until 11/30/94, so Defendant cannot understand how it would have abated the late filing penalty on 11/3/94, the day it was assessed. In any event, to the extent the late filing penalty was abated on 11/3/94, it had nothing to do with any actions taken by Plaintiff. Further, as reflected on a letter from the IRS to Defendant dated February 12, 2002, which is attached hereto as Exhibit A, it appears that the IRS denied Defendant's requests for abatement of interest and penalties.**

3. Defendant has his 1990 interest assessment of $4,100.93 abated per the attached Exhibit "A".

**RESPONSE: Defendant admits that it appears that the interest for 1990 was abated based on the 1990 tax year transcript attached as Exhibit A. This purportedly occurred on 11/22/99, at the same time as the IRS abated $32,839 of the initial tax assessment as discussed in response to Request 1, which is incorporated herein by reference. Once again, the abatement of interest on 11/22/99 had nothing to do with any actions taken by Plaintiff, since he was not even retained as of 11/22/99. Further, as reflected on a letter from the IRS to Defendant dated February 12, 2002, which is attached hereto as Exhibit A, it appears that the IRS denied Defendant's requests for abatement of interest and penalties.**

4. Defendant had his 1990 had his [sic] penalty for underpayment of estimated tax of $404.00 abated per the attached Exhibit "A".

**RESPONSE: Defendant admits that it appears that the penalty for underpayment of estimated tax for 1990 was abated based on the 1990 tax year transcript attached as Exhibit A. However, Defendant has had a great deal of difficulty dealing with the IRS and is not certain that the IRS did not simply abate penalties and interest in certain tax years in order to consolidate all interest and penalties in other tax years. Defendant's concern with the information on the transcript attached as Exhibit A is that the penalty for underpayment of estimated tax of $404 was purportedly assessed on 11/3/94, the date the tax was assessed of $45,199. However, the IRS claims it did not even receive the 1990 tax return until 11/30/94, so Defendant cannot understand how it would have abated the penalty for underpayment of estimated tax the day it was assessed. In any event, to the extent the penalty for underpayment of estimated tax was abated on 11/3/94, it**

**had nothing to do with any actions taken by Plaintiff. Further, as reflected on a letter from the IRS to Defendant dated February 12, 2002, which is attached hereto as Exhibit A, it appears that the IRS denied Defendant's requests for abatement of interest and penalties.**

5. Defendant had an overpayment credit of his 1990 tax in the amount of $22,597.00 transferred to other liabilities per the attached Exhibit "A".

**RESPONSE: Denied. It is expressly denied that the 1990 tax year transcript attached as Exhibit A to Plaintiff's Request for Admissions makes any reference to the "Credit Transferred" applying to any of Defendant's other tax liabilities. Defendant denies that the 1990 tax year overpayment was ever credited to any of Defendant's other tax liabilities for the reasons set forth in Defendant's Reply to Plaintiff's Further New Matter set forth in its Amended Answer to New Matter and Counterclaim, which is incorporated herein by reference. Further, as reflected on a letter from the IRS to Defendant dated February 12, 2002, which is attached hereto as Exhibit A, the IRS denied Defendant's request to apply the overpayment from 1990 to his tax liability for 1988. Plaintiff was well aware of this fact since it sent a letter to the IRS on Defendant's behalf on February 21, 2002, expressly acknowledging the IRS's denial of Defendant's request to have the overpayment from 1990 applied to the 1988 tax year. The IRS subsequently reaffirmed its position in a letter dated December 18, 2002, which is attached hereto as Exhibit C.**

A. The following document, attached as an exhibit to this request for admissions and marked as Plaintiff's Exhibit "A" is a true and correct copy of the original document and is admitted as being genuine and authentic:

Exhibit "A": Internal Revenue Service Transcript of Billy C. Leonard Taxpayer Identification Number 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, Tax Period 1990.

**RESPONSE: Denied. Defendant cannot admit or deny this request since he has not seen the original transcript for the 1990 tax year. As set forth in response to the above requests for admissions, Defendant has some serious concerns with the information contained in this document, and questions its authenticity. For example, the IRS purportedly assessed and then abated penalties on 11/3/94, before even have allegedly received the 1990 tax return on 11/30/94. This simply does not make any sense to Defendant. Further, the IRS claims to have a "Credit Transferred" of $22,597 on 4/15/91, despite that it claims it did not receive the tax return until 11/30/94, more than three and a half years after it allegedly transferred a credit. Defendant cannot admit anything regarding this document without the testimony of an IRS agent verifying the authenticity of the document and explaining the inconsistencies in the document. Defendant can state based on the documents attached hereto as Exhibits A, B and C that he was not given a credit for the overpayment in the 1990 tax year.**

McNEES WALLACE & NURICK LLC

By ________________________

Jonathan H. Rudd
I.D. No. 56880
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108
(717)237-5405 (phone)
(717) 237-5300 (fax)
jrudd@mwn.com (e-mail)

Dated: January 22, 2007

**VERIFICATION**

I, Billy C. Leonard, verify that the statements made in the foregoing Defendant's Response to Plaintiff's Request for Admissions are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

Billy C. Leonard

Dated: January 18, 2007