IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 07-692 T

(Senior Judge Loren A. Smith)

WILLIAM C. LEONARD,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**MOTION FOR MORE DEFINITE STATEMENT**

The United States respectfully requests this Court, pursuant to Rule 12(e) of the Rules of the Court of Federal Claims ("RCFC"), to require the plaintiff to make a more definite statement. Plaintiff omitted from his complaint special matters that RCFC 9(h)(6) obliged him to include. This omission forestalls government's counsel from verifying the existence of this Court's jurisdiction over this suit and responding to the substance of this suit. Accordingly, the United States is unable to, and cannot be reasonably required to, frame its responsive pleading.

STATEMENT OF THE CASE

On September 26, 2007, Mr. Leonard filed the present suit in this Court. Mr. Leonard appears to seek a refund of federal income taxes pertaining to the tax year ended December 31, 1990. *See* Compl. ¶¶ 8, 10.

Mr. Leonard's complaint does not identify the date and place of each payment he seeks to be refunded. The complaint does not unambiguously provide the date and place the return, if any, was filed with the Internal Revenue Service ("IRS"). It does not provide the date and place the claim for refund was filed. It does not intelligibly describe any action taken on the claim by any department or agency of the United States, including the IRS, or by Congress or in any judicial proceeding. Mr. Leonard did not annex a copy of an administrative claim for refund to his complaint. *Cf.* RCFC 9(h)(1), (6).

ARGUMENT

This Court treats certain pleading matters as "special" and excepts them from its general notice pleading standard. *See* RCFC 9. This Court, through its rules, commands:

> **(h) Special Matters *Required* in Complaint.** The complaint *shall* include:
>
> > **(1) Action by Other Tribunal or Body.** Any action on the claim taken by Congress or by any department or agency of the United States or in any judicial proceeding, including in the Tax Court of the United States. . . .
> >
> > **(6) Tax Refund Suits.** In any action for refund of federal tax, for each tax year or period for which a refund is sought, the amount, date, and place of each payment to be refunded; the date and place the return, if any, was filed; the name, address, and identification number of the taxpayer or taxpayers appearing on the tax return; the date and place the claim for refund was filed; and the identification number for each plaintiff, if different from the identification number of the taxpayer. A copy of the claim for refund *shall* be annexed to the complaint.

RCFC 9(h) (italicized emphasis added); *see also Cherokee Nation of Okla. v. United States*, 24 Cl. Ct. 695, 698 (1992) ("[W]here a court has ordered a plaintiff to plead with

specificity, plaintiff can no longer rely on the less rigorous demands of . . . general notice pleading.").

These simple and explicit requirements of RCFC 9(h) facilitate the inquiry required by 28 U.S.C. § 520 ("In suits against the United States in the United States Court of Federal Claims . . . the Attorney General shall send to the department . . . a printed copy of the petition filed by the claimant, with a request that the department . . . furnish to the Attorney General all facts, circumstances, and evidence concerning the claim in the possession or knowledge of the department") and enable the United States to confirm that the jurisdictional prerequisites of the suit have been satisfied.[1]
Mr. Leonard's omission of the critical information required by RCFC 9(h) impedes the government's framing of a responsive pleading.[2] This impediment is only exacerbated by the overall vagueness and ambiguity of those averments that were included in Mr. Leonard's complaint. *See* RCFC 12(e).[3]

---

[1] *See, e.g., Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993) ("Where the principal tax deficiency has not been paid in full, . . . tax refund claims are dismissed"); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit"); I.R.C. § 6532(a) (untimely tax refund suits barred, whether brought too soon or too late).

[2] "[M]any federal courts have said [that] motions for a more definite statement under Rule 12(e) are not to be used as a means of securing discovery." 5C Wright & Miller's Federal Practice & Procedure 3d. § 1376 (2007 elec. ed.). Nevertheless, "[i]f details are necessary in order to make a vague complaint intelligible, the fact that the details also are subject to the discovery process should not preclude their production under Rule 12(e)." *Id.* The United States accordingly limits this request for more definite statement to that information already required by the Court's rules *and* necessary to prepare a responsive pleading.

[3] The United States can glean only a little pertinent information from the complaint, mostly from Exhibit F to the complaint, which exhibit appears to be Mr. Leonard's own admissions made in a separate lawsuit in state court between Mr. Leonard and his current counsel. *See* Compl. at Ex. F. That document references exhibits which were not included with the complaint filed in this Court. The complaint also includes

Mindful that "the court never likes to dismiss a case on procedural grounds," *Humphries v. United States*, 51 Fed. Cl. 35, 36 (2001), the United States believes it would be premature to request this court to employ the severe case-ending sanction preferred by some courts to address the disregard of a requirement to plead with particularity. *See* Wright & Miller's Federal Practice & Procedure 3d. § 1300 at 274-78 (2004) ("a significant number of federal decisions . . . reflect an attempt to enforce [a particularity requirement] by dismissing the challenged pleading or striking deficient allegations"). Instead, because this Court has long recognized that a motion for more definite statement can be an appropriate means of prompting a party to comply with Rule 9, the government now asks only that it be provided information that it needs to advance the course of this litigation, which information the Court, through its rules, already requires the plaintiff to supply. *See* RCFC 9(h).[4]

---

averments and materials concerning tax years other than the tax year ended December 31, 1990, which averments and materials have no apparent connection to the present suit. *See* Compl. ¶¶ 5, 6, 7 and at Ex. A, B, C, D, E.

[4] Although the Court usually grants a motion for more definite statement through an unpublished order, several reported decisions document the application of RCFC 12(e) and its predecessor. *See, e.g., Lewis v. United States*, 31 Fed. Cl. 607, 608-09 (1994) (reciting the procedural history of a lawsuit in which the government previously had sought a more definite statement averring that "it was unable to frame a responsive pleading because plaintiff had failed to include the minimal information in her complaint required for tax refund suits pursuant to Rule 9(h)(6)" and "the court granted defendant's motion . . . and directed plaintiff to 'file a more definite statement regarding the matters contained in defendant's motion within 10 days of the date of th[at] order.'"), *aff'd*, 59 F.3d 181 (Fed. Cir. 1995) (table); *BMY-Combat Sys. Div. of Harsco Corp. v. United States*, 26 Cl. Ct. 846, 850 (1992) (Where "counterclaims . . . allege[d] that plaintiff used false records and statements to present fraudulent claims for payment . . . , but they d[id] not identify the specific actors, records, or statements contributing to the fraud," the court noted that the government "must reasonably plead the particularities of the charge to comply with the requirements of [Rule] 9(b)" and granted a motion for more definite statement.); *see also* 5C Wright & Miller's Federal Practice & Procedure 3d. § 1376 (2007 elec. ed.) ("Even though [Federal] Rule [of Civil Procedure] 9 itself contains no

Accordingly, the United States requests the court to order, pursuant to RCFC 12(e), Mr. Leonard to file a more definite statement to comply with RCFC 9(h).

CONCLUSION

For the reasons stated, pursuant to RCFC 12(e), the plaintiff should be ordered to file, within a reasonable period of time, a more definite statement containing the information necessitated by RCFC 9(h), *i.e.*, –

(A) Identification of the amount, date, and place of each payment to be refunded, RCFC 9(h)(6);

(B) Identification of the date and place plaintiff's original tax return for 1990, if any, was filed, RCFC 9(h)(6);

(C) Identification of the date and place plaintiff's claim for refund for 1990 was filed with the IRS, RCFC 9(h)(6);

(D) A copy of the claim for refund, RCFC 9(h)(6); and

(E) A description of any action on the claim taken by Congress or by any department or agency of the United States, including the IRS, or in any judicial proceeding, including any in the Tax Court of the United States, RCFC 9(h)(1).

---

mechanism for enforcing its terms, numerous cases make it clear that the common practice has been to use a motion under Rule 12(e) for that purpose").

Respectfully submitted,

s/ Richard H. Bowles
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
(v) 202-307-6500
(f) 202-514-9440

RICHARD T. MORRISON
Acting Assistant Attorney General, Tax Division
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/ David Gustafson
Of Counsel

November 21, 2007