IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 07-692 T

(Senior Judge Loren A. Smith)

---

WILLIAM C. LEONARD,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**DEFENDANT'S REPLY BRIEF**
**IN SUPPORT OF THE**
**MOTION FOR MORE DEFINITE STATEMENT**

---

Pending before the Court is defendant's motion, filed November 21, 2007, for more definite statement ("Def.'s Mot."). In accord with Rule 12(e) of the Rules of the U.S. Court of Federal Claims ("RCFC"), defendant's motion "point[ed] out defects complained of" regarding the complaint "and the details desired" to enable defendant to frame its responsive pleading. Plaintiff responded on January 30, 2008,[1] and defendant hereby replies. Plaintiff's submission fails to cure the shortcomings of plaintiff's original complaint and fails to offer any reason why defendant's motion for more definite statement should not be granted.

[1] By Order of January 17, 2008, the Court required plaintiff to respond to the motion within fourteen days. On January 30, 2008, plaintiff submitted a filing to the Court. In the Court's Case Management / Electronic Case Files (CM/ECF) system, plaintiff classified his submission as a response to the defendant's motion, but the text of plaintiff's submission styles itself "First Revised Complaint."

**1. Plaintiff's filings fail to comport with Rule 9(h).**

Defendant previously recited, *see* Def.'s Mot. at 2, the special matters enumerated in RCFC 9(h) that must be included in a complaint. Nonetheless, plaintiff's new submission still does not supply the required information. Accordingly, the Court should order plaintiff to file a more definite statement. *See Artuso v. United States*, No. 07-699T, 2008 WL 312172, slip. op. at 4 (Fed. Cl. Jan. 31, 2008) (designated for publication) (Lettow, J.) (where plaintiff's "complaint and response [to a motion for more definite statement] d[id] not provide the information required by RCFC 9(h)(6) . . . the government's motion for a more definite statement [wa]s granted."). The requirements of RCFC 9(h) enable the Attorney General to discharge statutory obligations regarding suits filed in this Court. *Id.*, slip. op. at 3, n. 2 (discussing 28 U.S.C. § 520); *see also* Def.'s Mot. at 3.

Plaintiff's filings omit information the government needs to advance the course of this litigation. Plaintiff's submission does not describe with specificity the payments he seeks to be refunded. *Cf.* RCFC 9(h)(6).[2] It does not identify the date and place plaintiff's original tax return for 1990, if any, was filed. *Cf. id*. The submission still does not identify the date and place plaintiff's claim for refund was filed with the Internal Revenue Service. *Cf. id*. No copy of the claim for refund was included with the submission. *Cf. id*. Nor does the submission describe any action on the claim taken by Congress or by any department or agency of the United States, including the Internal Revenue Service, or in any judicial proceeding, including any in the Tax Court of the United States. *Cf.* RCFC 9(h)(1).

[2] Exhibit F to plaintiff's submission suggests Mr. Leonard's payments for his 1990 income tax year are attributable to a "credit from withheld taxes," but defendant cannot tell whether this is Mr. Leonard's position.

Because Mr. Leonard's filings "fail[] to comport with the requirements of RCFC 9(h)(6), the government is hampered in investigating [his] claim and in filing a meaningful response to [his] complaint." *Artuso*, slip. op. at 4.

**2. Plaintiff's filings do not suggest an administrative refund claim was filed.**

"[A] timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit." *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 819 (1983); *see also* 26 U.S.C. § 7422(a). "Compliance with RCFC 9(h)(6) is designed to insure that [the] jurisdictional requirements have been met." *Artuso*, slip. op. at 3. Plaintiff's failure to satisfy the requirements of RCFC 9(h) casts serious doubt on the existence of this Court's jurisdiction over this suit. A plaintiff's "[f]ailure to plead and demonstrate that a timely administrative claim has been filed . . . wrests jurisdiction from this court." *Andalex Resources v. United States*, 54 Fed. Cl. 563, 565-66 (2002) (quoting *Williams v. United States*, 11 Cl. Ct. 189, 191-92 (1986), *aff'd* 818 F.2d 877 (Fed. Cir. 1987)). RCFC 9(h) functions "as a screening mechanism to forestall jurisdictionally unsupported and inappropriate tax litigation in this court." *Artuso*, slip. op. at 3.

Paragraph 17 of plaintiff's submission intimates that no administrative refund claim was filed ("Plaintiff could not file a claim for refund of $22,597.00 for tax year 1990 since he owed for 1983, 1986, 1987 and 1988"), but the averment does not unambiguously say so. This, combined with plaintiff's silence as to the date and place of filing of an administrative refund claim and plaintiff's omission of a copy of plaintiff's claim for refund, RCFC 9(h)(6), leaves it uncertain whether Mr. Leonard concedes that

he did not file a refund claim with the Internal Revenue Service.[3] The Court's rules require plaintiff to plead his position on these "special" matters with particularity. *See* RCFC 9(h).

Mr. Leonard's suit pertains to a tax year that ended over seventeen years ago. Ascertaining what transpired then, even under ideal circumstances, poses investigatory challenges. Indeed, the judiciary has identified one congressional objective undergirding the time limitations on filing administrative refund claims as "providing the Government with strong statutory protection against stale demands." *United States v. Brockamp*, 519 U.S. 347, 353 (1997). Plaintiff should be ordered to comply with RCFC 9(h) so that the United States, and this Court, can confirm that the jurisdictional prerequisites of this suit have been satisfied.

CONCLUSION

For the reasons stated, pursuant to RCFC 12(e), plaintiff should be ordered to file, within a reasonable period of time, a more definite statement containing the information necessitated by RCFC 9(h), *i.e.*, –

(A) Identification of the amount, date, and place of each payment to be refunded (RCFC 9(h)(6));

---

[3] The Treasury Department, by regulation, allows that a "properly executed individual . . . income tax return [*i.e.*, Form 1040] . . . shall constitute a claim for refund or credit . . . for the amount of the overpayment disclosed by such return . . . if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer." 26 C.F.R. § 301.6402-3(a)(5). In the present suit, Mr. Leonard has not asserted that he filed a properly executed income tax return for 1990 and he has not supplied a copy of his tax return, as he would be required to if it is his position that his tax return constituted an administrative claim for refund. *See* RCFC 9(h)(6) ("A copy of the claim for refund shall be annexed to the complaint"). Should Mr. Leonard intend to argue that his administrative refund claim took the form of an original tax return, he is obliged to so state now in his pleadings.

(B) Identification of the date and place that plaintiff filed his original tax return for 1990, if any (RCFC 9(h)(6));

(C) Identification of the date and place that plaintiff filed any other claim for refund for 1990 with the Internal Revenue Service (RCFC 9(h)(6));

(D) A copy of the claim for refund (RCFC 9(h)(6)); and

(E) A description of any action on the claim taken by Congress or by any department or agency of the United States, including the Internal Revenue Service, or in any judicial proceeding, including any in the Tax Court of the United States (RCFC 9(h)(1)).

Respectfully submitted,

s/ Richard H. Bowles
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
(v) 202-307-6500
(f) 202-514-9440

NATHAN J. HOCHMAN
Assistant Attorney General, Tax Division
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/ David Gustafson
Of Counsel

February 11, 2008