# EXHIBIT

# "H"

**Internal Revenue Service**
General Appeals Programs
Appeals Office
701 Market Street
Suite 2200
Philadelphia, PA 19106

**Department of the Treasury**

**Person to Contact:**
DARIA GALLEN
Employee ID Number: 23-08367
Tel: 215-597-2177 Ext. 160
Fax: 215-597-7827
**Refer Reply to:**
AP:G:PA:PHI:DG
**In Re:**
Claim for Refund/Offset, Interest Abatement Request and Penalty Abatement Request
**Tax Period(s):**
1983, 1986, 1987 – 1991 and 1993 - 1999

Date: December 18, 2002

Billy Leonard
825 Black Horse Tavern Road
Gettysburg, PA 17325-7219

Dear Mr. Leonard:

I have finally concluded my review of your file and the positions you and your representative outlined at our conference. In conjunction with my consideration of the issues your raised and my review of related documents in the file I have reviewed the prevailing Court cases in the matters under consideration.

First as we agreed in the conference I will abate the penalties that are still assessed for the tax years 1983 and 1986. Although not due to your reliance on a paid preparer and later representatives but, because I do not see the support of the assertion of these penalties in the files.

Please note that your reliance on a preparer or representative is not recognized as a legitimate reason to abate or not sustain the penalty. The courts have consistently found that Petitioners bear the ultimate responsibility for the correctness of their returns. That they supplied their records to a CPA to prepare their returns and relied on him is not sufficient to relieve them of that responsibility. See *Pritchett v. Commissioner, 63* T.C. 149, 174 and the long line of cases that have determined the same.

As to the your claim that the 1990 return was filed timely and that you are entitled to the overpayment claimed therein to be offset or refunded, as I stated in the conference I find that the letters and memorandums submitted by your preparer and his secretary do not conform with the requirements of the law.

IRC Section 6511 governs the time for making a claim for refund and the time in which a refund can be allowed. Sec. 6511 states a claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

Sec. 6511(b)(1) states no credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

IRC Sec. 6511(b)(2) places further limits; even if the claim is considered timely there are limits to the amount of the refund. Sec. 6511(b)(2)(A) states that if the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

Sec. 6511(b)(2)(B) states that if the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

IRC Section 7502 provides that to be a properly filed claim for refund the return must be delivered and received by the Service. The only exceptions to the physical delivery rules are in IRC Section 7502. The first exception is a certified mail or registered mail receipt. These are considered prima facie evidence that a document that was mailed was delivered. The date on the receipt then becomes the date received. You haves no such receipts. The second exception, when a document is received after the filing due date is the postmark on the envelope that contained the document. The Service has been unable to find a return filed in June of 1992 as claimed by you and your preparer.

As explained during the conference, the courts themselves are split on whether these are the only two exceptions. The Second and Sixth Circuits have taken the position that Section 7502 creates the only exceptions, whereas the Eighth and Ninth Circuits have held that circumstantial evidence can raise a rebuttal presumption of timely delivery.

The cases in the Eighth and Ninth Circuits were *Wood [90-2 USTC 50,488] and Anderson [92-1 USTC 50,308]*. First in Wood the taxpayer offered proof of postmark through the testimony of the postal employee who handled and stamped the document at issue. In Anderson the taxpayer testified that she saw the postal clerk postmark her return and her friend testified that she accompanied Anderson to the post office and saw her return to the car without the envelope.

It is noted here that in each of the cases allowing circumstantial evidence, none have allowed uncorroborated testimony or evidence. You submitted three different letters to substantiate mailing. Two by the preparer and one from his secretary. The first two, dated November 23, 2001, attest to their usual practices. They both state that the common practice in their office is to mail returns certified when large tax balances are included or if the client specifically requests that the returns be mailed certified. They both clearly state these returns would not have been sent certified. They both state that since their file copies have preparation dates of July 23 and 24th and have your signatures that they *would have* put these returns in the mail for you. Neither the

preparer nor the secretary appears prepared to offer conclusive testimony as was the case in both Wood and Anderson.

In the third "memo" the Preparer, Mr. Boehner talks of a "mental picture of me sitting at my desk on a sunny day talking to Mr. Welsh (the Revenue Agent) about the returns he needed. I lived on the Belmont Road from 1981 until 1993, so if my memory is correct, that phone call must have taken place by then." Mr. Boehner goes on about how he knew this was important and he must have sent the returns to Mr. Welsh.
Per the Revenue Agent's file, he never spoke to or met with you or any of your representatives until after he issued the Notices of Deficiency in June of 1994. The Notices were issued due to the lack of any response on your part to comply with any of his requests for the returns. This is also evident by the transcripts, that the accounts for 1989, 1990 and 1991 were created by Substitutes for returns. The next time Mr. Welsh contacts you is in 1995 after receiving the late filed 1991 return from the Philadelphia Service Center.

Based on the above I can only conclude that the return was not filed by October 15, 1994 the date it would have to have been filed by to be timely as prescribed in IRC Section 6511.

And lastly as to your request of interest abatement. I have determined that you have not shown that the alleged errors and delays were caused by an officer or employee of the Internal Revenue Service, acting in his or her official capacity, in performing a ministerial act (IRC Sec. 6404(e)(1)). An error or delay by the Commissioner can be taken into account only (1) if it occurs after the Commissioner has contacted the taxpayer in writing with respect to the deficiency and (2) if no significant aspect of the error or delay is attributable to the taxpayer. *Krugman v. Commissioner,* 112 T.C. 230, 239 and *Nerad v. Commissioner,* T.C. Memo. 1999-376. In Nerad the courts determined Section 6404(e)(1) "does not therefore permit the abatement of interest for the period of time between the date the taxpayer files a return and the date the IRS commences an audit, regardless of the length of that time period."

In order for you to prevail, there must be an error or delay in performing a ministerial act that is attributable to the IRS. A "ministerial act" does not involve the exercise of judgment or discretion. Rather, a ministerial act means a procedural or mechanical act that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place. In contrast, a decision concerning the proper application of Federal tax law, or other applicable Federal or State law, is not a ministerial act. The mere passage of time does not establish error or delay in performing a ministerial act.

The crux of your allegations of delay is the time it took the Service to correct the your accounts. It is our position that the delay in the eventual adjustments to the accounts are 1) significantly due to the taxpayer and 2) are not ministerial acts.

Two cases are similar to your situation, without regard to the Bankruptcy issues. We have *Donald B. Hawksley v. Commissioner,* T.C. Memo. 2000-354 and *Thomas R.*

*Camerato v. Commissioner,* TC Memo. 2002-28, 83 TCM 1147. In both cases the Courts found that the audits and the later reconsiderations were not ministerial acts and therefore while they were ongoing, there are no statutory grounds for abatement of interest.

In Camerato the petitioner argues that respondent committed a ministerial error or delay by failing to audit petitioner's records on-the-spot when he walked into respondent's Oakland office in September 1995, without an appointment, and demanded an immediate audit of his returns. (Note: this was after the Notices were issued and the resulting tax was assessed)The court noted "Petitioner has, of course, cited no authority for his position that respondent is required to perform audits-on-demand for taxpayers who walk in to respondent's offices, and we are aware of no such requirement. Respondent's decision to grant or deny an immediate audit is not a ministerial act; it is a managerial act involving the exercise of discretion."

The court went on to note: "Petitioner has failed to allege any ministerial error or delay by respondent that caused an increase in petitioner's interest obligation. Moreover, the evidence alleged by petitioner is replete with acts by petitioner causing delay, including his initial demand that the audit be delayed until he completed his schooling, his demand that a subsequent audit be delayed until he returned from vacation, his failure to pursue review of respondent's decisions for many months due to his busy schedule, his unwillingness to listen to respondent's positions or to cooperate with respondent in an effort to accommodate his requests. ...... The record in this case shows clearly that a significant aspect of the delay, if not all of the delay, in finally determining the correct amount of petitioner's deficiencies is attributable to petitioner."

It is our contention that a review of the record in the your case will show the same outcome. That the actions of the Service were not ministerial acts and that the records show that a significant aspect of the delay, if not all of the delay, was due to you and your representatives.

Your representative's inability to point to any piece of correspondence or discussion with a Service employee at the conference prior to February of 1999 demonstrate this. This is when the Taxpayer Advocates Office contacted Ms. Ericson after filing a FOIA request, and the Advocate employee was able to interpret the request as a request for reconsideration as well as for documents held by the Service. Even the time it took to complete the FOIA request is not a ministerial act. Before an employee can turn over documents held by the Service they must be thoroughly reviewed in order to determine if the are disclosable. These actions all require the judgment and discretion and do not fit the definition of a ministerial act.

In requesting interest abatement you and Ms. Ericson are also relying on their interpretation of Judge Woodside's order in 1996. A review of the motion and the order in the case cannot be interpreted to mean that the Judge ordered the IRS to correct all of your accounts. First Judge Woodside and the Bankruptcy Court only have jurisdiction for 1983, 1986 and 1987. All years after that are post-petition and not before that court.

Second the actual Order itself only addresses the Judge's order to freeze the Credit Union account. Specifically it was ordered that the Internal Revenue Service shall not take steps to levy the Debtor's account and that the Credit Union not make the funds available to any party including the taxpayer. The motion itself, in regards to other than the petition years, only states that "Debtor has losses from other tax years which will result in debtor having little or no tax liability."
No where in the motion or in the order itself are contained any directives that the Service should open up all of the taxpayer's tax years and "fix" whatever is wrong. The motion does not even detail which years these supposed "losses" occurred. Most of the motion deals with the impropriety of the Service's prior proofs of claim and allegations that they were late and therefore the liabilities for the pre-petition years are not collectible. To date this issue is not resolved and cannot be resolved at any level of the Service this would be between the Attorneys involved and not this office.

In fact we must take the position and interpret the motion to imply that the you the taxpayer would be taking the necessary steps to have the legally enforceable deficiencies in the subsequent years reconsidered and comply with previous requests for documents. It is apparent from the eventual "requests for documents" over a year later that you were unable to continue because you lacked the information required to even request the reconsideration. It does not appear that at this juncture either you or your representatives are clear on what is actually owed, regardless of the flood of notices you must have been receiving.

Even if we construe any of the Correspondence summarized by Ms. Ericson as being requests for reconsiderations, the lack of performing or choosing not to perform the reconsideration is NOT a ministerial act. There are only three statutorily prescribed methods for challenging tax liabilities, a Protest after receiving a notice of a proposed deficiency for any tax year; a petition to the United States Tax Court after receiving a Notice of Deficiency and a claim for refund (after the tax is paid) or filing suit in the District Court or Court of Claims (again after payment of tax). You and your representatives chose none of these routes. In fact while your case was pending in the Bankruptcy Court the Deficiencies for the pre-petition years could have been raised before that Court. Instead the Plan was confirmed with the IRS shown as a Plan participant.

As to 1991 we have observed a copy of a protest filed after the Agent proposed to reduce the previously determined tax by less than that requested by you. Once again this was the result of the Agent reconsidering the case, you again did not cooperate with the agent and did not supply the requested documents to verify items questioned on the return. The failure of the agent to forward the 1991 or even to make the adjustments he initially proposed to allow, are not ministerial acts. Without full cooperation of a taxpayer and his representatives, the agent was well within statutory confines to not allow any of the purported claimed deductions. In that when a taxpayer any taxpayer does not substantiate the deductions requested, puts in question his credibility as to the deductions the Agent was previously willing to accept on face value. Once again the direct correlation between these actions and the accrual of interest is not a ministerial act and is due in significant part to you and your representatives delays and errors.

Prior to closing I would like to address 1988 separately and apart from the other years. It is noted here that this is the year in which the bulk of the interest has accrued. We find that there can be no abatement of interest pursuant to IRC Section 6404(e) for this tax year. Our findings are best demonstrated by two cases *Meda Smith v. Commissioner* 2002-1, 83 TCM 1041 and *Billy S. Cannon* v. Commissioner, TC Memo. 2002-205, 84 TCM 199.

In both these cases there were no deficiency determinations, the taxes that were due and owing and accruing interest were self-reported taxes. Since Smith is cited in Cannon we will primarily discuss Smith and our reliance on the Courts findings there.

In the opinion the Court states "Under section 6404(e)(1), the Commissioner may abate interest on any deficiency or payment of income, gift, estate, and certain excise taxes to the extent that the deficiency or any error or delay in payment is attributable to erroneous or dilatory performance of a ministerial act by an officer or employee of the Commissioner. Such an error or delay in performing a ministerial act is taken into account only if it is in no significant aspect attributable to the taxpayer *and only if it occurs after the IRS has contacted the taxpayer in writing regarding the deficiency or payment."*

"Because respondent has determined no deficiency, section 6404(e)(1)(A) is inapplicable. We construe petitioner's claim as arising under section 6404(e)(1)(B). To be entitled to relief under that section, petitioner must show that her delay in paying the 1988 liability was attributable to an IRS officer or employee being erroneous or dilatory in performing a ministerial act, and that no significant aspect of the delay can be attributed to her. Petitioner has failed to do so."

In Cannon the courts opinion includes a further analysis of the legislative history and they state "Generally, the relief provided by section 6404 is not available under those circumstances. As noted in the legislative history of that section, "if a taxpayer files a return but does not pay the taxes due, ***[section 6404] would not permit abatement of this interest regardless of how long the IRS took to contact the taxpayer and request payment."

Even if we consider Ms. Ericson's ascertain that the time it took to resolve the other years directly impacts on the available credits to be applied to these years we must return to our conclusions in those matters in that we have concluded that these delays did not occur while in the performance of ministerial acts and that significant aspects of the delays and errors were caused by the you and your representatives.

I have also looked to *Doreen Boyd v. Commissioner*, TC Memo. 2000-16, 79 TCM 1361 as to the alleged misapplication of credits causing the interest to accrue. In Boyd the petitioner's position was the third possible basis for interest abatement, which is an erroneous assessment of interest. In Boyd petitioner claimed that interest erroneously accrued on assessment she claimed to have paid. The only claim that correlates to the instant case is that portions of subsequent years refunds should have been applied to her outstanding 1988 and 1990 liabilities thereby reducing them more than the records reflected.

The Court determined the following: "Regarding petitioner's claim that respondent should have applied a portion of her overpayments for subsequent tax years to her 1988 and 1990 tax liabilities, petitioner's claim is without merit. Respondent was authorized, pursuant to section 6402(a), to credit the amount of any overpayment against any of petitioner's tax liabilities. The record in this case indicates that respondent applied overpayments from petitioner's subsequent tax years to petitioner's assessed liabilities for a number of years, including the years in issue. Respondent was authorized under section 6402(a) to apply petitioner's refunds against an outstanding liability for any taxable year and was under no obligation to apply any or all of petitioner's refunds solely against petitioner's liabilities for the years in issue.

Further, pursuant to section 6512(b)(4), this Court is restricted from restraining or reviewing any credit or reduction made by respondent under section 6402. Therefore, we are without jurisdiction to decide whether respondent improperly credited any overpayments to petitioner's tax liabilities for years not before the Court. See *id.*"

Finally in support of our overall position with regard to your request for abatement of interest we cite the findings of the Court in *William M. Donovan v. Commissioner*, TC Memo. 2000-220, 80 TCM 78 and *Greforio and Viviana Mankita v. Commissioner*, T.C. Memo 1999-420. Both of the decisions and reasoning in these cases can be applied to the instant case and support our determination to not abate interest.

I have enclosed copies of all of the cited interest abatement cases for your review. My determination in regards to both the 1990 overpayment and the denial of interest abatement, is at this time preliminary, I will keep the case open in order for you and Ms. Ericson to present any rebuttals to my observations and conclusions. Please note that any rebuttals should be accompanied by relevant case law, and documentation. The documentation should be full documentation, not just your summaries and interpretations of a document in your possession that either of you believe should be in my possession.

I look forward to hearing from you. I will keep the file open until January 20, 2003. Thank you for your cooperation.

Sincerely,

DARIA GALLEN
Appeals Officer

Enclosures:
Court cases
IRC 6404(e) and Regulations
Committee Reports
cc: Monique Ericson, CPA/CVA

# EXHIBIT

# "I"

**Internal Revenue Service**
General Appeals Programs
Appeals Office
701 Market Street
Suite 2200
Philadelphia, PA 19106

**Department of the Treasury**

**Person to Contact:**
DARIA GALLEN
Employee ID Number: 23-08367
Tel: 215-597-2177 Ext. 160
Fax: 215-597-7827
**Refer Reply to:**
AP:G:PA:PHI:DG
**In Re:**
Claim for Refund
**Tax Period(s) Ended:**
12/1990
**Claim Amount(s):**
$22,597.00

Date: FEB 06 2003

William C. Leonard
825 Blackhorse Tavern Road
Gettysburg, PA 17325-7219

**Certified Mail**

Dear Mr. Leonard:

We are sorry, but we cannot allow the above claim for an adjustment to your tax, for the following reasons:

You did not file your return within the period of time allowed for a refund of an overpayment of taxes, pursuant to Internal Revenue Code Section 6511, nor did you provide sufficient documentation to prove timely mailing pursuant to Internal Revenue Code Section 7502.

Our decision is based on provisions of the Internal Revenue laws and regulations. This letter is your legal notice that your claim is fully disallowed.

If you wish to bring suit or proceedings for the recovery of any tax, penalties or other monies for which this disallowance notice is issued, you may do so by filing such a suit with the United States District Court having jurisdiction, or with the United States Court of Federal Claims. The law permits you to do this within 2 years from the mailing date of this letter. However, if you signed a waiver of the notice of claim disallowance (Form 2297), the period for bringing suit began to run on the date you filed the waiver.

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

Joseph Ali

Joseph Ali
Appeals Team Manager

# EXHIBIT

# "J"

**Internal Revenue Service**
General Appeals Programs
Appeals Office
701 Market Street
Suite 2200
Philadelphia, PA 19106

Date: February 29, 2003

Billy Leonard
825 Black Horse Tavern Road
Gettysburg, PA 17325

**Department of the Treasury**

**Person to Contact:**
DARIA GALLEN
Employee ID Number: 23-08367
Tel: 215-597-2177 Ext. 160
Fax: 215-597-7827
**Refer Reply to:**
AP:G:PA:PHI:DG
**In Re:**
Claim for Refund/Offset, Interest Abatement Request and Penalty Abatement Request
**Tax Period(s) Ended:**
1983, 1986, 1987 – 1991 and 1993 - 1999

Dear Mr. Leonard:

We received the copies of the letters that were discussed at the last conference of January 14, 2003. Mr. Ali and I both reviewed the letters and find that they do not offer any additional proof that there was a specific request for action to correct your accounts that would have led to less interest accruing. These letters are all general and vague and sent to no one in particular. In fact they are not even addressed correctly, which could possibly account for why no one responded to them.

As for the letters back and forth between the accountant and the Revenue Officer, I believe that it was your accountants that requested all of the reschedules. So I am not sure what these letters were supposed to represent in regards to interest abatement pursuant to Section 6404(e).

I previously tried to point out to both you and Ms. Ericson, that if your Attorney and Judge Woodside had not erroneously frozen the credit union account and stopped it from being applied to 1988, which is clearly not part of the Bankruptcy, the account would have been paid back then. That occurrence was prior to Mr. Stecco being involved. As a side note Mr. Stecco does not have the authority to reconsider your tax liabilities, he is a Revenue Officer assigned to collect the amounts already determined to be due. Also, I believe that the primary reason and eventual outcome of the meeting with Mr. Stecco was to have him suspend enforcement action while you and your representatives worked out the other years with other parts of the Service.

As Mr. Ali explained in our meeting our ability to settle is based on facts and circumstances that would indicate that there would be a hazard in litigating an issue. In making this determination I have considered your testimony, documents in the files, conversations with employees involved in your case over the years and various case law. I find no compelling hazards to the government and therefore am sustaining Compliance in full in regards to the claim for credit/refund for 1990 and the interest

abatement for the remaining years. The penalties will be abated as previously discussed.

I have enclosed the calculations Ms. Ericson requested. I have labeled the calculations so that you and she will see what I am doing. As previously discussed the only accounts showing any kinds of balances are the 1983 (credit balance), 1987 and 1988.

I have first calculated how much is due applying the earliest available credits to the earliest years. The total balance due as of 2/15/2003 would be $136,165.21 and the balance due would then be reflected in tax years 1988, 1989,1996,1998,1999.

I have also attached calculations that demonstrate what will actually be done. Ms. Ericson agreed that rather than disrupt all the accounts I would adjust only the years that are affected by the penalty abatements and the years showing balances, i.e. 1983, 1986, 1987 and 1988. In order to affect this I will have to limit the accrual of the failure to pay penalty, this is to affect the settlement figure only.

Of course if you pay prior to 2/15/2003 the amount will be less and if you pay after 2/15/2003 it will be more. I have attached the accrual portion of the computation so if you are going to pay earlier, Ms. Ericson should be able to make the proper adjustments or you can just pay the amount I have given you on or before February 15, 2003 and any difference will be refunded. Please note that paying the balance due in no way affects your right to litigate the issues if you choose to.

I will be issuing the formal disallowance letters over the next two weeks. One letter will be the Statutory Notice of Claim Disallowance for 1990 that will start the running of the two-year period in which you have to file suit to recover the overpayment claimed. The second letter will be the interest abatement determination letter that begins the 180 day time limit to Petition the Tax Court for re-determination.

If you have any additional questions, please contact me at the telephone number shown above.

Sincerely,

Daria Gallen

Daria Gallén
Appeals Officer

Enclosures:
Calculations
List of Payments made
List of overpayments available for offset
Current Transcripts for affected years

# EXHIBIT

# "K"

PENNSYLVANIA APPEALS
Mellon Independence Center
701 Market St., Suite 2200
Philadelphia, PA 19106

FAX: 215-597-7827

| | |
|---|---|
| DATE: 3/17/03 | Page 1 of 9 |
| TO: MONIQUE ERICSON | Telephone Number: 717-514-0149<br>Fax Number: 717-774-4408 |
| FROM: D. GALLEN<br>Telephone Number: 215-597-2177 x 160 | |
| SUBJECT: PAY-OFF<br>IN Re: B. LEONARD | |
| RESPONSE DATE: | |

COMMENTS: I have updated the previous calcs. to 3/17 as you requested & to 3/31. These calcs should enable you to calculate out to any other date if those are not the actual payment dates - at the current int. rate of 5% the accruals (monthly) are approximately $350.00 per mth. D. Gallen

This communication is intended for the sole use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or is not the employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone call, and return the communication to the address above via the United States Postal Service. Thank You.

INTEREST COMPUTATION [illegible] 03-17-03
Taxpayer name...: Leonard Page 1
Taxpayer ID#....: 1988

Interest Detail

| Event | Date | yr mo da | Me | Rate | Factor | Amount | Interest |
|---|---|---|---|---|---|---|---|
| Tax | 04-15-88 | | | | | 65,541.63 | |
| Withholding | 04-15-88 | | | | | <29,499.00> | |
| Interest | 06-30-88 | 76 | D | 10.00 | 0.020979225 | 36,042.63 | 756.15 |
| Interest | 09-30-88 | 92 | D | 10.00 | 0.025451680 | 36,798.78 | 936.59 |
| Interest | 12-31-88 | 92 | D | 11.00 | 0.028031819 | 37,735.37 | 1,057.79 |
| Interest | 03-31-89 | 90 | D | 11.00 | 0.027490274 | 38,793.16 | 1,066.43 |
| Interest | 06-30-89 | 91 | D | 12.00 | 0.030364776 | 39,859.59 | 1,210.33 |
| Interest | 09-30-89 | 92 | D | 12.00 | 0.030703526 | 41,069.92 | 1,260.99 |
| Interest | 12-31-89 | 92 | D | 11.00 | 0.028109676 | 42,330.91 | 1,189.91 |
| Interest | 03-31-90 | 90 | D | 11.00 | 0.027490274 | 43,520.82 | 1,196.40 |
| Interest | 06-30-90 | 91 | D | 11.00 | 0.027799928 | 44,717.22 | 1,243.14 |
| Interest | 09-30-90 | 92 | D | 11.00 | 0.028109676 | 45,960.36 | 1,291.93 |
| Interest | 12-31-90 | 92 | D | 11.00 | 0.028109676 | 47,252.29 | 1,328.25 |
| Interest | 03-31-91 | 90 | D | 11.00 | 0.027490274 | 48,580.54 | 1,335.49 |
| Interest | 06-30-91 | 91 | D | 10.00 | 0.025241395 | 49,916.03 | 1,259.95 |
| Interest | 09-30-91 | 92 | D | 10.00 | 0.025522283 | 51,175.98 | 1,306.13 |
| Interest | 12-31-91 | 92 | D | 10.00 | 0.025522283 | 52,482.11 | 1,339.46 |
| Interest | 03-31-92 | 91 | D | 9.00 | 0.022626480 | 53,821.57 | 1,217.79 |
| Interest | 06-30-92 | 91 | D | 8.00 | 0.020087632 | 55,039.36 | 1,105.61 |
| Interest | 09-30-92 | 92 | D | 8.00 | 0.020310601 | 56,144.97 | 1,140.34 |
| Interest | 12-31-92 | 92 | D | 7.00 | 0.017749631 | 57,285.31 | 1,016.79 |
| Interest | 03-31-93 | 90 | D | 7.00 | 0.017408410 | 58,302.10 | 1,014.95 |
| Interest | 04-15-93 | 15 | D | 7.00 | 0.002880577 | 59,317.05 | 170.87 |
| Payment | 04-15-93 | | | | | <1,093.99> | |
| Interest | 06-30-93 | 76 | D | 7.00 | 0.014680563 | 58,393.93 | 857.26 |
| Interest | 09-30-93 | 92 | D | 7.00 | 0.017798686 | 59,251.19 | 1,054.59 |
| Interest | 12-31-93 | 92 | D | 7.00 | 0.017798686 | 60,305.78 | 1,073.36 |
| Interest | 03-31-94 | 90 | D | 7.00 | 0.017408410 | 61,379.14 | 1,068.51 |
| Interest | 06-30-94 | 91 | D | 7.00 | 0.017603529 | 62,447.65 | 1,099.30 |
| Interest | 09-30-94 | 92 | D | 8.00 | 0.020366804 | 63,546.95 | 1,294.25 |
| Interest | 12-31-94 | 92 | D | 9.00 | 0.022941331 | 64,841.20 | 1,487.54 |
| Interest | 03-31-95 | 90 | D | 9.00 | 0.022437053 | 66,328.74 | 1,488.22 |
| Interest | 04-15-95 | 15 | D | 10.00 | 0.004117460 | 67,816.96 | 279.23 |
| Payment | 04-15-95 | | | | | <5,216.19> | |
| Interest | 06-30-95 | 76 | D | 10.00 | 0.021037295 | 62,880.00 | 1,322.83 |
| Interest | 09-30-95 | 92 | D | 9.00 | 0.022941331 | 64,202.83 | 1,472.90 |
| Interest | 12-31-95 | 92 | D | 9.00 | 0.022941331 | 65,675.73 | 1,506.69 |
| Interest | 03-31-96 | 91 | D | 9.00 | 0.022626480 | 67,182.42 | 1,520.10 |
| Interest | 06-30-96 | 91 | D | 8.00 | 0.020087632 | 68,702.52 | 1,380.07 |
| Interest | 09-30-96 | 92 | D | 9.00 | 0.022877946 | 70,082.59 | 1,603.35 |
| Interest | 12-31-96 | 92 | D | 9.00 | 0.022877946 | 71,685.94 | 1,640.03 |
| Interest | 03-31-97 | 90 | D | 9.00 | 0.022437053 | 73,325.97 | 1,645.22 |
| Interest | 04-15-97 | 15 | D | 9.00 | 0.003705021 | 74,971.19 | 277.77 |
| Payment | 04-15-97 | | | | | <1,909.52> | |
| Interest | 06-30-97 | 76 | D | 9.00 | 0.018914063 | 73,339.44 | 1,387.15 |
| Interest | 09-30-97 | 92 | D | 9.00 | 0.022941331 | 74,726.59 | 1,714.33 |
| Interest | 12-31-97 | 92 | D | 9.00 | 0.022941331 | 76,440.92 | 1,753.66 |
| Interest | 03-31-98 | 90 | D | 9.00 | 0.022437053 | 78,194.58 | 1,754.46 |
| Interest | 04-15-98 | 15 | D | 8.00 | 0.003292720 | 79,949.04 | 263.25 |
| Payment | 04-15-98 | | | | | <2,061.78> | |
| Payment | 04-15-98 | | | | | <1,747.22> | |
| Interest | 06-30-98 | 76 | D | 8.00 | 0.016795189 | 76,403.29 | 1,283.21 |
| Interest | 09-30-98 | 92 | D | 8.00 | 0.020366804 | 77,686.50 | 1,582.23 |
| Interest | 12-31-98 | 92 | D | 8.00 | 0.020366804 | 79,268.73 | 1,614.45 |
| Interest | 03-31-99 | 90 | D | 7.00 | 0.017408410 | 80,883.18 | 1,408.05 |
| Interest | 06-30-99 | 91 | D | 8.00 | 0.020143211 | 82,291.23 | 1,657.61 |
| Interest | 09-30-99 | 92 | D | 8.00 | 0.020366804 | 83,948.84 | 1,709.77 |
| Interest | 11-30-99 | 61 | D | 8.00 | 0.013458155 | 85,658.61 | 1,152.81 |
| Payment | 11-30-99 | | | | | <12.30> | |
| Interest | 12-31-99 | 31 | D | 8.00 | 0.006816906 | 86,799.12 | 591.70 |
| Interest | 03-31-00 | 91 | D | 8.00 | 0.020087632 | 87,390.82 | 1,755.47 |

Taxpayer name...: Leonard
Taxpayer ID#....: 1988



## Interest Detail

| Event | Date | yr mo da | Me | Rate | Factor | Amount | Interest |
|---|---|---|---|---|---|---|---|
| Interest | 06-30-00 | 91 | D | 9.00 | 0.022626480 | 89,146.29 | 2,017.07 |
| Interest | 09-30-00 | 92 | D | 9.00 | 0.022877946 | 91,163.36 | 2,085.63 |
| Interest | 12-31-00 | 92 | D | 9.00 | 0.022877946 | 93,248.99 | 2,133.35 |
| Interest | 03-31-01 | 90 | D | 9.00 | 0.022437053 | 95,382.34 | 2,140.10 |
| Interest | 06-30-01 | 91 | D | 8.00 | 0.020143211 | 97,522.44 | 1,964.42 |
| Interest | 09-30-01 | 92 | D | 7.00 | 0.017798686 | 99,486.86 | 1,770.74 |
| Interest | 12-31-01 | 92 | D | 7.00 | 0.017798686 | 101,257.60 | 1,802.25 |
| Interest | 03-31-02 | 90 | D | 6.00 | 0.014903267 | 103,059.85 | 1,535.93 |
| Interest | 06-30-02 | 91 | D | 6.00 | 0.015070101 | 104,595.78 | 1,576.27 |
| Interest | 09-30-02 | 92 | D | 6.00 | 0.015236961 | 106,172.05 | 1,617.74 |
| Interest | 12-31-02 | 92 | D | 6.00 | 0.015236961 | 107,789.79 | 1,642.39 |
| Interest | 03-17-03 | 76 | D | 5.00 | 0.010464621 | 109,432.18 | 1,145.17 |

## Interest on Penalties

| Event | Date | yr mo da | Me | Rate | Factor | Amount | Interest |
|---|---|---|---|---|---|---|---|
| 6651(a)(1) | 04-15-89 | | | | | 4,865.76 | |
| Interest | 06-30-89 | 76 | D | 12.00 | 0.025296865 | 4,865.76 | 123.09 |
| Interest | 09-30-89 | 92 | D | 12.00 | 0.030703526 | 4,988.85 | 153.18 |
| Interest | 12-31-89 | 92 | D | 11.00 | 0.028109676 | 5,142.03 | 144.54 |
| Interest | 03-31-90 | 90 | D | 11.00 | 0.027490274 | 5,286.57 | 145.33 |
| Interest | 04-23-90 | 23 | D | 11.00 | 0.006954534 | 5,431.90 | 37.78 |
| 6651(a)(2) | 04-23-90 | | | | | 2,307.30 | |
| 6651(a)(2) | 04-23-90 | | | | | 1,181.66 | |
| Interest | 06-30-90 | 68 | D | 11.00 | 0.020701426 | 8,958.64 | 185.46 |
| Interest | 09-30-90 | 92 | D | 11.00 | 0.028109676 | 9,144.10 | 257.04 |
| Interest | 12-31-90 | 92 | D | 11.00 | 0.028109676 | 9,401.14 | 264.26 |
| Interest | 03-31-91 | 90 | D | 11.00 | 0.027490274 | 9,665.40 | 265.70 |
| Interest | 06-30-91 | 91 | D | 10.00 | 0.025241395 | 9,931.10 | 250.67 |
| Interest | 09-30-91 | 92 | D | 10.00 | 0.025522283 | 10,181.77 | 259.86 |
| Interest | 12-31-91 | 92 | D | 10.00 | 0.025522283 | 10,441.63 | 266.49 |
| Interest | 03-31-92 | 91 | D | 9.00 | 0.022626480 | 10,708.12 | 242.29 |
| Interest | 06-30-92 | 91 | D | 8.00 | 0.020087632 | 10,950.41 | 219.97 |
| Interest | 09-30-92 | 92 | D | 8.00 | 0.020310601 | 11,170.38 | 226.88 |
| Interest | 12-31-92 | 92 | D | 7.00 | 0.017749631 | 11,397.26 | 202.30 |
| Interest | 03-31-93 | 90 | D | 7.00 | 0.017408410 | 11,599.56 | 201.93 |
| Interest | 06-30-93 | 91 | D | 7.00 | 0.017603529 | 11,801.49 | 207.75 |
| Interest | 09-30-93 | 92 | D | 7.00 | 0.017798686 | 12,009.24 | 213.75 |
| Interest | 12-31-93 | 92 | D | 7.00 | 0.017798686 | 12,222.99 | 217.55 |
| Interest | 03-31-94 | 90 | D | 7.00 | 0.017408410 | 12,440.54 | 216.57 |
| Interest | 06-30-94 | 91 | D | 7.00 | 0.017603529 | 12,657.11 | 222.81 |
| Interest | 09-30-94 | 92 | D | 8.00 | 0.020366804 | 12,879.92 | 262.32 |
| Interest | 12-31-94 | 92 | D | 9.00 | 0.022941331 | 13,142.24 | 301.50 |
| Interest | 03-31-95 | 90 | D | 9.00 | 0.022437053 | 13,443.74 | 301.64 |
| Interest | 06-30-95 | 91 | D | 10.00 | 0.025241395 | 13,745.38 | 346.95 |
| Interest | 09-30-95 | 92 | D | 9.00 | 0.022941331 | 14,092.33 | 323.30 |
| Interest | 12-31-95 | 92 | D | 9.00 | 0.022941331 | 14,415.63 | 330.71 |
| Interest | 03-31-96 | 91 | D | 9.00 | 0.022626480 | 14,746.34 | 333.66 |
| Interest | 06-30-96 | 91 | D | 8.00 | 0.020087632 | 15,080.00 | 302.92 |
| Interest | 09-30-96 | 92 | D | 9.00 | 0.022877946 | 15,382.92 | 351.93 |
| Interest | 12-31-96 | 92 | D | 9.00 | 0.022877946 | 15,734.85 | 359.98 |
| Interest | 03-31-97 | 90 | D | 9.00 | 0.022437053 | 16,094.83 | 361.12 |
| Interest | 06-30-97 | 91 | D | 9.00 | 0.022689161 | 16,455.95 | 373.37 |
| Interest | 09-30-97 | 92 | D | 9.00 | 0.022941331 | 16,829.32 | 386.09 |
| Interest | 12-31-97 | 92 | D | 9.00 | 0.022941331 | 17,215.41 | 394.94 |
| Interest | 03-31-98 | 90 | D | 9.00 | 0.022437053 | 17,610.35 | 395.12 |
| Interest | 06-30-98 | 91 | D | 8.00 | 0.020143211 | 18,005.47 | 362.69 |
| Interest | 09-30-98 | 92 | D | 8.00 | 0.020366804 | 18,368.16 | 374.10 |
| Interest | 12-31-98 | 92 | D | 8.00 | 0.020366804 | 18,742.26 | 381.72 |
| Interest | 03-31-99 | 90 | D | 7.00 | 0.017408410 | 19,123.98 | 332.92 |

INTEREST COMPUTATION DETAIL REPORT 03-17-03

Taxpayer name...: Leonard Page 3

Taxpayer ID#....: 1988

Interest on Penalties

| Event | Date | yr mo da Me | Rate | Factor | Amount | Interest |
|---|---|---|---|---|---|---|
| Interest | 06-30-99 | 91 D | 8.00 | 0.020143211 | 19,456.90 | 391.92 |
| Interest | 09-30-99 | 92 D | 8.00 | 0.020366804 | 19,848.82 | 404.26 |
| Interest | 12-31-99 | 92 D | 8.00 | 0.020366804 | 20,253.08 | 412.49 |
| Interest | 03-31-00 | 91 D | 8.00 | 0.020087632 | 20,665.57 | 415.12 |
| Interest | 06-30-00 | 91 D | 9.00 | 0.022626480 | 21,080.69 | 476.98 |
| Interest | 09-30-00 | 92 D | 9.00 | 0.022877946 | 21,557.67 | 493.20 |
| Interest | 12-31-00 | 92 D | 9.00 | 0.022877946 | 22,050.87 | 504.48 |
| Interest | 03-31-01 | 90 D | 9.00 | 0.022437053 | 22,555.35 | 506.08 |
| Interest | 06-30-01 | 91 D | 8.00 | 0.020143211 | 23,061.43 | 464.53 |
| Interest | 09-30-01 | 92 D | 7.00 | 0.017798686 | 23,525.96 | 418.73 |
| Interest | 12-31-01 | 92 D | 7.00 | 0.017798686 | 23,944.69 | 426.18 |
| Interest | 03-31-02 | 90 D | 6.00 | 0.014903267 | 24,370.87 | 363.21 |
| Interest | 06-30-02 | 91 D | 6.00 | 0.015070101 | 24,734.08 | 372.75 |
| Interest | 09-30-02 | 92 D | 6.00 | 0.015236961 | 25,106.83 | 382.55 |
| Interest | 12-31-02 | 92 D | 6.00 | 0.015236961 | 25,489.38 | 388.38 |
| Interest | 03-17-03 | 76 D | 5.00 | 0.010464621 | 25,877.76 | 270.80 |

Summary as of 03-17-03

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax | 65,541.63 | <41,540.00> | 0.00 | 24,001.63 |
| Interest | 86,575.72 | 0.00 | 0.00 | 86,575.72 |
| Penalty interest | 17,793.84 | 0.00 | 0.00 | 17,793.84 |
| Entered penalties | 8,354.72 | 0.00 | 0.00 | 8,354.72 |
| Totals | 178,265.91 | <41,540.00> | 0.00 | 136,725.91 |

Prepared using: FEDERAL IRS interest rates
Table end date: 03-31-03 USER Table

EVENT SUMMARY REPORT 03-17-03
Taxpayer name...: Leonard Page 4
Taxpayer ID#....: 1988

| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| Tax | 04-15-88 | 65,541.63 | |
| Withholding | 04-15-88 | <29,499.00> | 36,042.63 |
| 6651(a)(1) FTF | 04-15-89 | 4,865.76 | 44,922.37 |
| 6651(a)(2) assesd | 04-23-90 | 2,307.30 | |
| 6651(a)(2) accrual | 04-23-90 | 1,181.66 | 53,986.85 |
| Payment | 04-15-93 | <1,093.99> | 70,229.42 |
| Payment | 04-15-95 | <5,216.19> | 76,681.98 |
| Payment | 04-15-97 | <1,909.52> | 89,856.36 |
| Payment | 04-15-98 | <2,061.78> | |
| Payment | 04-15-98 | <1,747.22> | 94,468.05 |
| Payment | 11-30-99 | <12.30> | 107,324.77 |
| Interest Computation Date | 03-17-03 | | 136,725.91 |

(1) Balance includes any interest and penalties accrued as of the Event Date

Summary as of 03-17-03

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax | 65,541.63 | <41,540.00> | 0.00 | 24,001.63 |
| Interest | 86,575.72 | 0.00 | 0.00 | 86,575.72 |
| Penalty interest | 17,793.84 | 0.00 | 0.00 | 17,793.84 |
| Entered penalties | 8,354.72 | 0.00 | 0.00 | 8,354.72 |
| Totals | 178,265.91 | <41,540.00> | 0.00 | 136,725.91 |

Prepared using: FEDERAL IRS interest rates
Table end date: 03-31-03 USER Table

Taxpayer name...: Leonard
Taxpayer ID#....: 1988

| Event | Date | yr mo da Me | Rate | Factor | Amount | Interest |
|---|---|---|---|---|---|---|
| Tax | 04-15-88 | | | | 65,541.63 | |
| Withholding | 04-15-88 | | | | <29,499.00> | |
| Interest | 06-30-88 | 76 D | 10.00 | 0.020979225 | 36,042.63 | 756.15 |
| Interest | 09-30-88 | 92 D | 10.00 | 0.025451680 | 36,798.78 | 936.59 |
| Interest | 12-31-88 | 92 D | 11.00 | 0.028031819 | 37,735.37 | 1,057.79 |
| Interest | 03-31-89 | 90 D | 11.00 | 0.027490274 | 38,793.16 | 1,066.43 |
| Interest | 06-30-89 | 91 D | 12.00 | 0.030364776 | 39,859.59 | 1,210.33 |
| Interest | 09-30-89 | 92 D | 12.00 | 0.030703526 | 41,069.92 | 1,260.99 |
| Interest | 12-31-89 | 92 D | 11.00 | 0.028109676 | 42,330.91 | 1,189.91 |
| Interest | 03-31-90 | 90 D | 11.00 | 0.027490274 | 43,520.82 | 1,196.40 |
| Interest | 06-30-90 | 91 D | 11.00 | 0.027799928 | 44,717.22 | 1,243.14 |
| Interest | 09-30-90 | 92 D | 11.00 | 0.028109676 | 45,960.36 | 1,291.93 |
| Interest | 12-31-90 | 92 D | 11.00 | 0.028109676 | 47,252.29 | 1,328.25 |
| Interest | 03-31-91 | 90 D | 11.00 | 0.027490274 | 48,580.54 | 1,335.49 |
| Interest | 06-30-91 | 91 D | 10.00 | 0.025241395 | 49,916.03 | 1,259.95 |
| Interest | 09-30-91 | 92 D | 10.00 | 0.025522283 | 51,175.98 | 1,306.13 |
| Interest | 12-31-91 | 92 D | 10.00 | 0.025522283 | 52,482.11 | 1,339.46 |
| Interest | 03-31-92 | 91 D | 9.00 | 0.022626480 | 53,821.57 | 1,217.79 |
| Interest | 06-30-92 | 91 D | 8.00 | 0.020087632 | 55,039.36 | 1,105.61 |
| Interest | 09-30-92 | 92 D | 8.00 | 0.020310601 | 56,144.97 | 1,140.34 |
| Interest | 12-31-92 | 92 D | 7.00 | 0.017749631 | 57,285.31 | 1,016.79 |
| Interest | 03-31-93 | 90 D | 7.00 | 0.017408410 | 58,302.10 | 1,014.95 |
| Interest | 04-15-93 | 15 D | 7.00 | 0.002880577 | 59,317.05 | 170.87 |
| Payment | 04-15-93 | | | | <1,093.99> | |
| Interest | 06-30-93 | 76 D | 7.00 | 0.014680663 | 58,393.93 | 857.26 |
| Interest | 09-30-93 | 92 D | 7.00 | 0.017798686 | 59,251.19 | 1,054.59 |
| Interest | 12-31-93 | 92 D | 7.00 | 0.017798686 | 60,305.78 | 1,073.36 |
| Interest | 03-31-94 | 90 D | 7.00 | 0.017408410 | 61,379.14 | 1,068.51 |
| Interest | 06-30-94 | 91 D | 7.00 | 0.017603529 | 62,447.65 | 1,099.30 |
| Interest | 09-30-94 | 92 D | 8.00 | 0.020366804 | 63,546.95 | 1,294.25 |
| Interest | 12-31-94 | 92 D | 9.00 | 0.022941331 | 64,841.20 | 1,487.54 |
| Interest | 03-31-95 | 90 D | 9.00 | 0.022437053 | 66,328.74 | 1,488.22 |
| Interest | 04-15-95 | 15 D | 10.00 | 0.004117480 | 67,816.96 | 279.23 |
| Payment | 04-15-95 | | | | <5,216.19> | |
| Interest | 06-30-95 | 76 D | 10.00 | 0.021037295 | 62,880.00 | 1,322.83 |
| Interest | 09-30-95 | 92 D | 9.00 | 0.022941331 | 64,202.83 | 1,472.90 |
| Interest | 12-31-95 | 92 D | 9.00 | 0.022941331 | 65,675.73 | 1,506.69 |
| Interest | 03-31-96 | 91 D | 9.00 | 0.022626480 | 67,182.42 | 1,520.10 |
| Interest | 06-30-96 | 91 D | 8.00 | 0.020087632 | 68,702.52 | 1,380.07 |
| Interest | 09-30-96 | 92 D | 9.00 | 0.022877946 | 70,082.59 | 1,603.35 |
| Interest | 12-31-96 | 92 D | 9.00 | 0.022877946 | 71,685.94 | 1,640.03 |
| Interest | 03-31-97 | 90 D | 9.00 | 0.022437053 | 73,325.97 | 1,645.22 |
| Interest | 04-15-97 | 15 D | 9.00 | 0.003705021 | 74,971.19 | 277.77 |
| Payment | 04-15-97 | | | | <1,909.52> | |
| Interest | 06-30-97 | 76 D | 9.00 | 0.018914063 | 73,339.44 | 1,387.15 |
| Interest | 09-30-97 | 92 D | 9.00 | 0.022941331 | 74,726.59 | 1,714.33 |
| Interest | 12-31-97 | 92 D | 9.00 | 0.022941331 | 76,440.92 | 1,753.66 |
| Interest | 03-31-98 | 90 D | 9.00 | 0.022437053 | 78,194.58 | 1,754.46 |
| Interest | 04-15-98 | 15 D | 8.00 | 0.003292720 | 79,949.04 | 263.25 |
| Payment | 04-15-98 | | | | <2,061.78> | |
| Payment | 04-15-98 | | | | <1,747.22> | |
| Interest | 06-30-98 | 76 D | 8.00 | 0.016795189 | 76,403.29 | 1,283.21 |
| Interest | 09-30-98 | 92 D | 8.00 | 0.020366804 | 77,686.50 | 1,582.23 |
| Interest | 12-31-98 | 92 D | 8.00 | 0.020366804 | 79,268.73 | 1,614.45 |
| Interest | 03-31-99 | 90 D | 7.00 | 0.017408410 | 80,883.18 | 1,408.05 |
| Interest | 06-30-99 | 91 D | 8.00 | 0.020143211 | 82,291.23 | 1,657.61 |
| Interest | 09-30-99 | 92 D | 8.00 | 0.020366804 | 83,948.84 | 1,709.77 |
| Interest | 11-30-99 | 61 D | 8.00 | 0.013458155 | 85,658.61 | 1,152.81 |
| Payment | 11-30-99 | | | | <12.30> | |
| Interest | 12-31-99 | 31 D | 8.00 | 0.006816906 | 86,799.12 | 591.70 |
| Interest | 03-31-00 | 91 D | 8.00 | 0.020087632 | 87,390.82 | 1,755.47 |

# EXHIBIT "L"

EXHIBIT D

Form 668 (Z) (Rev. 10-2000) 1445

Department of the Treasury - Internal Revenue Service

# Certificate of Release of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #3
Lien Unit Phone: (412) 395-5265

Serial Number
239602128

For Use by Recording Office

I certify that the following-named taxpayer, under the requirements of section 6325 (a) of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions. Therefore, the lien provided by Code section 6321 for these taxes and additions has been released. The proper officer in the office where the notice of internal revenue tax lien was filed on February 12 1996, is authorized to note the books to show the release of this lien for these taxes and additions.

Name of Taxpayer
BILLY LEONARD

Residence 825 BLACKHORSE TAVERN RD
GETTYSBURG, PA 17325-7219

COURT RECORDING INFORMATION:

| Liber | Page | UCC No. | Serial No. |
|---|---|---|---|
| n/a | n/a | n/a | 61 of 1996 |

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1983 | 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 | 05/02/1989 | 06/01/1999 | 19221.67 |
| 1040 | 12/31/1986 | 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 | 05/04/1992 | 06/03/2002 | 29418.57 |
| 1040 | 12/31/1987 | 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 | 09/19/1988 | 10/19/1998 | 5650.51 |
| 1040 | 12/31/1987 | 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 | 05/04/1992 | 06/03/2002 | |
| 1040 | 12/31/1988 | 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 | 04/23/1990 | 05/23/2000 | 47162.76 |
| 6652 | 12/31/1986 | 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 | 08/31/1992 | 09/30/2002 | 201.23 |
| ******* | *********** | ************ | *********** | *********** | **************** |

Place of Filing
Prothonotary
Adams County
Gettysburg, PA 17325

Total $ 101654.74

This notice was prepared and signed at Philadelphia, PA, on this,

the 12th day of March, 2004.

Signature Linnette R Coleman

Title Compliance Technical Support Manager

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Certificate of Release of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 2 - TAXPAYER COPY

Form 668 (Z) (Rev. 10-2000)
CAT. NO 600261

# EXHIBIT

# "M"

EXHIBIT
E

Form 668 (Z)
(Rev. 10-2000)

1445

Department of the Treasury - Internal Revenue Service

# Certificate of Release of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #3
Lien Unit Phone: (412) 395-5265

Serial Number
230058230

For Use by Recording Office

I certify that the following-named taxpayer, under the requirements of section 6325 (a) of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions. Therefore, the lien provided by Code section 6321 for these taxes and additions has been released. The proper officer in the office where the notice of internal revenue tax lien was filed on April 07 2000, is authorized to note the books to show the release of this lien for these taxes and additions.

Name of Taxpayer
BILLY LEONARD

Residence 825 BLACKHORSE TAVERN RD
GETTYSBURG, PA 17325-7219

COURT RECORDING INFORMATION:

| Liber | Page | UCC No. | Serial No. |
|---|---|---|---|
| n/a | n/a | n/a | 00-TL-139 |

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1988 | 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 | 04/23/1990 | 05/23/2000 | 47162.76 |
| ******* | *********** | ************ | ********** | *********** | *************** |

Place of Filing
Prothonotary
Adams County
Gettysburg, PA 17325

Total $ 47162.76

This notice was prepared and signed at Philadelphia, PA, on this,

the 12th day of March, 2004.

Signature Linnette R. Coleman

Title Compliance Technical Support Manager

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Certificate of Release of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 2 - TAXPAYER COPY

Form 668 (Z) (Rev. 10-2000)
CAT. NO 600261

# EXHIBIT

# "N"

EXHIBIT F

IRS EMPLOYEE 2398024382

AGE NO-0001

PRINT DATE 08-24-2001

ATE REQUESTED 08-24-2001

TAX PERIOD: DEC 1990

ORM NUMBER: 1040A

TAXPAYER IDENTIFICATION NUMBER: 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

BILLY C LEONARD

BODC-SB BODCLC-

-- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 06-18-2001 |
| ACCRUED PENALTY: | 0.00 | AS OF 06-18-2001 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

**FILING STATUS: SINGLE

| | |
|---|---|
| * EXEMPTIONS: 01 | |
| * ADJUSTED GROSS INCOME: | 106,449.00 |
| * TAXABLE INCOME: | 52,850.00 |
| TAX PER RETURN: | 0.00 |

* PER RETURN OR AS ADJUSTED

1-13-1994 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
2-21-1994 PROCESSING DATE

TRANSACTIONS

| ODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN | 02-21-1994 | 0.00 |
| 460 | EXTENSION OF TIME FOR FILING 08-15-1991 | 04-15-1991 | |
| 460 | EXTENSION OF TIME FOR FILING 10-15-1991 | 08-19-1991 | |
| 163 | LATE FILING PENALTY | 12-05-1994 | 0.00 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 12-05-1994 | 0.00 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 11-03-1994 | 45,199.00 |
| 163 | LATE FILING PENALTY | 11-03-1994 | 2,511.00 |
| 173 | PENALTY FOR UNDERPAYMENT OF ESTIMATED TAX | 11-03-1994 | 404.00 |
| 190 | INTEREST ASSESSMENT | 11-03-1994 | 4,130.05 |
| 800 | CREDIT FROM WITHHELD TAXES | 11-03-1994 | 35,157.00- |
| 197 | ABATEMENT OF INTEREST | 12-05-1994 | 29.12- |
| 960 | RECEIVED POA/TIA | 01-17-1995 | |
| 582 | LIEN | 03-29-1996 | |
| 161 | ABATEMENT OF LATE FILING PENALTY | 11-03-1994 | 2,511.00- |
| 171 | ABATEMENT OF PENALTY FOR UNDERPMT OF EST TAX | 11-03-1994 | 404.00- |
| 291 | ABATEMENT OF PRIOR TAX ASSESSMENT | 11-22-1999 | 32,639.00- |
| 197 | ABATEMENT OF INTEREST | 11-22-1999 | 4,100.93- |
| 820 | CREDIT TRANSFERRED | 04-15-1991 | 22,597.00 |
| 961 | REMOVED POA/TIA | 01-17-2000 | |
| 960 | RECEIVED POA/TIA | 02-21-2000 | |
| 583 | LIEN RELEASED | 09-22-2000 | |

CONTINUED ON NEXT PAGE****************************

IRS EMPLOYEE 2398024382

PAGE NO-0002

05-30-2001

962 UPDATED POA/TIA