IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 07-692 T

(Senior Judge Loren A. Smith)

---

WILLIAM C. LEONARD,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

---

The United States respectfully requests this Court, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), to dismiss plaintiff's complaint. Because plaintiff fails to allege that a timely administrative refund claim was made and, alternatively, because the complaint was untimely filed, the Court lacks subject matter jurisdiction over plaintiff's suit.

STATEMENT OF THE CASE[1]

On September 26, 2007, Mr. Leonard filed the present suit, apparently seeking a refund of federal income taxes pertaining to the tax year ended December 31, 1990. (*See* Second Am. Compl. ¶ 14.) Mr. Leonard appears to have conceded that he did not file an administrative refund claim with the Internal Revenue Service. (*See id*. ¶ 11 ("No claim

[1] This recitation, provided for purposes of this motion only, is based upon the allegations of plaintiff's Second Amended Complaint. The recited factual elements have not yet been the subject of discovery by defendant.

for refund is attached because Plaintiff could not file a claim for refund of $22,597.00 for tax year 1990.").) Nonetheless, Mr. Leonard avers that "[t]he IRS took action disallowing Plaintiff's claim for an offset or refund" and cites correspondence from the Internal Revenue Service. (*Id.* ¶ 12.) Annexed to the complaint is a letter dated February 6, 2003, to Mr. Leonard from the Internal Revenue Service. (*See id.* at Ex. I (Letter from Joseph Ali, IRS Appeals Team Manager, to Mr. Leonard (Feb. 6, 2003)).) That letter notes "Certified Mail" as its delivery method and references a "Claim for Refund" for the amount of $22,597.00 relating to the tax period ended December 1990. (*Id.*) The letter announces, "we [*i.e.*, the Internal Revenue Service] cannot allow the above claim for an adjustment to your tax" and advises that "[i]f you [*i.e.*, Mr. Leonard] wish to bring suit . . . for the recovery of any tax, penalties, or other monies for which this disallowance notice is issued . . . [t]he law permits you to do this within 2 years from the mailing date of this letter." (*Id.*)

ARGUMENT

"All federal courts are courts of limited jurisdiction." *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998). For this reason, jurisdiction must be established as a threshold matter before the Court may proceed with the merits of any action. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). As plaintiff, Mr. Leonard bears the burden of establishing by a preponderance of the evidence that the Court has subject matter jurisdiction over his claim. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Plaintiff has failed to allege facts that would provide the basis for this Court to exercise subject matter jurisdiction over his suit.

**I. This Court has no jurisdiction in the absence of a timely administrative claim.**

Before a tax refund claim can be considered by a court,[2] it must first be filed with the Internal Revenue Service within applicable time limits. *See* 26 U.S.C. § 7422(a); *see also United States v. Dalm*, 494 U.S. 596, 602 (1990) (claim for refund must be filed within time limits of § 6511(a)); *Sun Chemical Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("a *timely*, sufficient claim for refund is a jurisdictional prerequisite to a refund suit") (emphasis added)); *Minehan v. United States*, 75 Fed. Cl. 249, 254 (2007) (claim for refund must be filed within the time limits of § 6511(a)); *accord Marandola v. United States*, 76 Fed. Cl. 237, 243 (2007).[3] "[T]o be addressed by a court, both the legal and factual grounds for a refund claim must first have been presented by the taxpayer to the IRS." *Marandola*, 76 Fed. Cl. at 243.

---

[2] Through the Tucker Act, Congress has conferred on this Court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). A suit seeking a refund of taxes paid comes within this grant. *See Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967), *abrogated in part on other grounds by Malone v. United States*, 849 F.2d 1441, 1444-45 (Fed. Cir. 1988).

[3] Congress mandates that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard*, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a) (emphasis added).

In turn, Congress requires that "[n]o credit or refund shall be allowed or made of the expiration of the period of limitation prescribed in subsection (a) [of Section 6511] for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period." 26 U.S.C. § 6511(b). In that prescribed period of limitation, Congress establishes that a "[c]laim for credit or refund of an overpayment of any tax imposed by this title [*i.e.*, the Internal Revenue Code] in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such

A plaintiff's "[f]ailure to plead and demonstrate that a timely administrative claim has been filed . . . wrests jurisdiction from this court." *Andalex Resources*, 54 Fed. Cl. at 565-66 (quoting *Williams v. United States,* 11 Cl. Ct. 189, 191-92 (1986), *aff'd* 818 F.2d 877 (Fed. Cir. 1987)). Because Mr. Leonard does not allege that he filed an administrative claim for refund with the Internal Revenue Service (*see* Second Am. Compl. ¶ 11), the complaint is facially deficient. Faced with ambiguities in plaintiff's earlier pleadings, defendant previously sought a more definite statement of this point (*see* Def.'s Mot. for More Def. Stmt (Nov. 21, 2007); Def.'s Reply Br. in Support of the Mot. for More Def. Stmt (Feb. 11, 2008)), giving plaintiff ample opportunity to identify an administrative claim for refund. Despite that, plaintiff has not done so.

On the contrary, plaintiff's averments now affirmatively indicate that he did not file an administrative claim for refund. (*See* Second Am. Compl. at ¶ 10 ("Plaintiff could not file a claim for refund of $22,597.00 for tax year 1990 since he owed for 1983, 1986, 1987 and 1988"); *id.* at ¶ 11 ("No claim for refund is attached because Plaintiff could not file a claim for refund of $22,597.00 for tax year 1990 since he owed for 1983, 1986, 1987 and 1988").) While plaintiff now asserts that his 1990 tax return was timely filed (*id*. at ¶ 8), he does not identify that tax return as his administrative claim for refund. He does not provide the tax return's purported date and place of filing as the date and place the administrative claim for refund was filed. *Cf.* RCFC 9(h)(6). He does not annex to the Second Amended Complaint a copy of the tax return as an administrative claim for refund. *Cf. id*. Nor does plaintiff give any other indication that the 1990 tax return contained "a statement setting forth the amount determined as an overpayment and

---

periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a).

advising whether such amount shall be refunded to the taxpayer" as would be necessary for the tax return to constitute an administrative claim for refund. 26 C.F.R. § 301.6402-3(a)(5). Although "[i]t is incumbent upon the plaintiff properly to allege the jurisdictional facts," *McNutt*, 298 U.S. at 182, plaintiff has not alleged that that he filed a timely administrative claim for refund with the Internal Revenue Service.

Accordingly, this suit falls outside Congress's grant of jurisdiction to this Court. *See* 26 U.S.C. § 7422(a).

## II. This Court has no jurisdiction over a suit filed after the expiration of the statute of limitations.

However, if the Court should conclude or assume that plaintiff *did* file an adequate claim for refund, plaintiff's case fails for an alternative reason. Separate and apart from jurisdictional arguments pertaining to the timeliness or sufficiency of an administrative refund claim in a tax refund suit, *see Sun Chem. Corp.*, 698 F.2d at 1206, jurisdictionally, "the complaint generally must be filed no sooner than six months after filing the [administrative] claim for refund and no later than two years the earlier of (a) a notice of disallowance of the claim or (b) the filing of waiver of notice of disallowance." *Tabbee v. United States*, 30 Fed. Cl. 828, 830 n.4 (1994) (citing 26 U.S.C. § 6532).[4] The

[4] Congress has set forth the following period of limitation on suits:

> (a) SUITS BY TAXPAYERS FOR REFUND.—
> (1) GENERAL RULE.—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

Federal Circuit has examined the applicable statute of limitation, *see* 26 U.S.C. § 6532(a), and has commented that its "prescri[ption of] a particular process for extending the two year period . . . strongly implies that there are no other exceptions to the statutory period." *RHI Holdings, Inc.*, 142 F.3d at 1462 (construing 26 U.S.C. § 6532(a)(2)). "Moreover," the Federal Circuit noted, the text of subparagraph (4) "states that any further action taken by the Secretary after a notice of disallowance is mailed to the taxpayer does not operate to extend the statutory period." *Id.* (construing 26 U.S.C. § 6532(a)(4)). That "language explicitly prohibits equitable considerations based on the actions of the IRS after a notice is mailed." *Id.*

Mr. Leonard concedes that "[t]he IRS took action disallowing Plaintiff's claim for an offset or refund and that action is referenced in the exhibits attached [to the complaint], consisting of correspondence from the IRS on . . . dates . . . [including] 2/6/03 (Exhibit 'I')." (Second Am. Compl. ¶ 12.) The letter of February 6, 2003, to Mr. Leonard from the Internal Revenue Service provided Mr. Leonard "legal notice that [his]

---

> (2) EXTENSION OF TIME.—The 2-year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary.
>
> (3) WAIVER OF NOTICE OF DISALLOWANCE.—If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year period prescribed in paragraph (1) shall begin on the date such waiver is filed.
>
> (4) RECONSIDERATION AFTER MAILING OF NOTICE.—Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

26 U.S.C. § 6532(a).

claim [wa]s fully disallowed." (Second Am. Compl., Ex. I (Letter from Mr. Ali to Mr. Leonard (Feb. 6, 2003)).)[5] Accordingly, a suit brought "after the expiration of 2 years from the date of mailing" is outside Congress's grant of jurisdiction to this Court. 26 U.S.C. § 6532(a). Mr. Leonard did not initiate the present action until September 26, 2007, well after the two-year period lapsed.

Thus, for the alternative reason that this suit is now time-barred, the Court lacks jurisdiction over plaintiff's claim.

CONCLUSION

For the reasons stated, pursuant to RCFC 12(b)(1), the complaint should be dismissed without prejudice for lack of subject matter jurisdiction.

[5] The notice of claim disallowance does not identify precisely what document from Mr. Leonard the Internal Revenue Service had in hand when it issued the notice of claim disallowance. (*See* Second Am. Compl., Ex. I (Letter from Mr. Ali to Mr. Leonard (Feb. 6, 2003)).) Nonetheless, it appears that the basis for the claim disallowance was the taxpayer's failure to submit a timely administrative claim – perhaps in the form of a tax return – for refund. (*See id.* ("You did not file your return within the period of time allowed for a refund of an overpayment of taxes, pursuant to Internal Revenue Code Section 6511, nor did you provide sufficient documentation to prove timely mailing pursuant to Internal Revenue Code Section 7502.").) While Mr. Leonard now contends that his 1990 tax return was timely filed, as noted *supra* at 4-5, Mr. Leonard does not identify his tax return as an administrative claim. Moreover, Section 6532 is a separate and independent limitation on the jurisdiction of federal courts. Thus, even if Mr. Leonard's had timely filed an administrative claim for refund – a counterfactual supposition which Mr. Leonard has not alleged and the United States does not concede – Section 6532 still precludes jurisdiction over this suit.

Respectfully submitted,

s/ Richard H. Bowles
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
(v) 202-307-6500
(f) 202-514-9440

NATHAN HOCHMAN
Assistant Attorney General, Tax Division
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/ David Gustafson
Of Counsel

April 10, 2008