**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WILLIAM C. LEONARD** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **No. 1:07-cv-692** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **THE UNITED STATES** | ) | |
| | ) | |
| **Defendant** | | |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICITION**

Plaintiff, William C. Leonard (hereinafter "Respondent"), respectfully submits his Response in opposition to United States' (hereinafter "Movant"), Motion to Dismiss his complaint pursuant to Rule 12(b)(1). A fair reading of Respondent's Second Amended Complaint discloses that a timely administrative refund claim was made and that the Complaint was timely filed. Accordingly, Movant's Motion to Dismiss must be denied in all respects.

**COUNTERSTATEMENT OF THE CASE**

Respondent does not dispute that he commenced the within action on the date referenced in Movant's Motion to Dismiss. He does, however, dispute numerous other assertions in Movant's Statement of the Case.

For example, the assertion that Respondent did not file an administrative refund claim is inaccurate because effectively he did. That is, when the Second Amended Complaint is read in a light most favorable to the Respondent, the effect of his timely filed 1990 tax return on July 23 or 24, 1992 (¶8), when coupled with the later action by Movant's agent in correctly assessing Movant's liability to $12,560.00 when Respondent had already paid $35,157.00 (¶9), was the creation of an administrative claim in the amount of $22,597.00 that legally must be deemed to have related back to the date of the timely filed tax return, and therefore timely.

Second, the Movant "spins" other critical, jurisdictional facts by highlighting the February 6, 2003 letter (Ex. I) to support a statute of limitations expiration argument while consciously ignoring the effect of Exhibit J, dated February 29, 2003, wherein Daria Gallen, Movant's agent's Appeals Officer concludes, *"I will be issuing formal disallowances…One letter will be the Statutory Notice of Claim Disallowance for 1990 that will start the running of the two-year period in which you have to file suit to recover the overpayment claimed….,"* on that argument. Moreover, Movant, who cannot deny the legal effect of the February 29, 2003 letter on the February 6, 2003 letter, never cites the critical date Daria Gallen's promised formal disallowance letter

for 1990 was sent for purposes of calculating the effective date of the expiration of the statute of limitations.

**STANDARD OF REVIEW**

The burden of establishing subject-matter jurisdiction lies with the party seeking to invoke the court's jurisdiction. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278, 57 S. Ct. 197, 81 L. Ed. 183 (1936); see Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc. , 227 F.3d 62, 69 (3d Cir. 2000); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

If a Rule 12(b)(1) motion challenges the court's subject-matter jurisdiction based upon the sufficiency of the pleading's allegations, i.e., the movant presents a "facial" attack on the pleading, then those allegations are taken as true and construed in a light most favorable to the complainant. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); Cedars-Sinai Med. Center v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993); 2A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE P 12.07[2.-1], at 12-51 to 52 (1993).

If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, however, the movant is deemed to be challenging the factual basis for the court's subject-matter jurisdiction. See Watkins, 11 F.3d at 1583-84 (citing Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558-59

(9th Cir. 1987)); 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1363, at 456-57 (1990)). Under these circumstances, the allegations in the complaint are not controlling, KVOS, 299 U.S. at 277-79; Trentacosta, 813 F.2d at 1559; Thornhill Publishing Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); 5A WRIGHT & MILLER, supra, § 1363, at 457-58, and only uncontroverted factual allegations are accepted as true for purposes of the motion. See Gibbs v. Buck, 307 U.S. 66, 72, 59 S. Ct. 725, 83 L. Ed. 1111 (1939); Watkins, 11 F.3d at 1583-84; 5A WRIGHT & MILLER, supra, §§ 1350, 1363, at 219-20, 457. All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact finding by the district court. Watkins, 11 F.3d at 1583-84; 2A MOORE ET AL., supra, P 12.07 [2.-1], at 12-52; see generally Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990) (drawing distinction between facial and factual challenges to court's subject-matter jurisdiction); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891-92 (3d Cir. 1977). In establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony. Land v. Dollar, 330 U.S. 731, 735, n.4 , 67 S. Ct. 1009, 91 L. Ed. 1209 (1947); Watkins, 11 F.3d at 1584; St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (court

properly considered materials outside pleadings to determine whether plaintiff's claim was ripe), cert. denied, 493 U.S. 993, 110 S. Ct. 541, 107 L. Ed. 2d 539 (1989); Reynolds, 846 F.2d at 747; Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 883-84, cert. denied, 479 U.S. 820, 107 S. Ct. 84, 93 L. Ed. 2d 37 (1986). See *Roush v. Horner, 2008 U.S. Dist. LEXIS 4205 January18 2008).*[1]

**ARGUMENT**

**I. Respondent's Second Amended Complaint is not facially deficient because when read in a light most favorable to him, it establishes a timely filed administrative claim vesting jurisdiction in the Court**

Movant's argument of facial deficiency is flawed and merits approval only if one suspends the application of common sense[2] in the construction of Respondent's Second Amended Complaint.

Fairly read and construed, Respondent timely filed his 1990 tax return on July 23 or 24, 1992. Sometime thereafter, Movant's agent at the Internal Revenue Service determined that Respondent's tax liability was $12,560.00.(¶9,Ex.F) Because Respondent had already

---

[1] It is prudent to include under this heading the standards of review for both "facial" and "factual" jurisdictional challenges because it appears that the United States is raising both types of attacks. As to the latter, see, e.g., Motion to Dismiss at fn 5, in relevant part: "…Thus, even if Mr. Leonard's [sic] had timely filed an administrative claim for refund – a **counterfactual** supposition which Mr. Leonard has not alleged and the United States does not concede – Section 6532 still precludes jurisdiction over this suit."

[2] The application of a rule of common sense interpretation of documents subject to judicial interpretation and recognition of constructive claims is not unknown and has been recognized by the 3rd Circuit in other contexts. See, e.g., *Motorists Mutual Ins. Co. v. Hardinger, 131 Fed. Appx. 823 2005 U.S. App. LEXIS 9030* (May 15, 2005)(common sense reading of first party homeowners insurance

paid $35,157.00, an overpayment $22,597.00 was recognized (¶14, and Ex. N), and the administrative aspect of the claim thus created constructively related back to the timely filed 1990 tax return. Had the 1990 tax return not been timely filed - a fact not in dispute for purposes of the within motion to dismiss - the expectancy would arguably have been lost. For jurisdictional purposes, however, it cannot be concluded that it was.

**II. The action was not commenced after the expiration of the statute of limitations**

Herein, it is not clear that Movant's argument is based on a facial or factual jurisdictional challenge. Regardless, the argument both wholly ignores the effect of the February 29, 2003 letter (Ex. J) on the February 6, 2003 (Ex. I) letter, and fails to point out the date the promised disallowance letter for 1990 was published pursuant to the February 29, 2003 letter.

First, the effect of the February 29, 2003 letter on the February 6, 2003 letter is that it tolled the statute of limitations. This is why even the Court in *RHI Holdings, Inc.*, cited in Movant's brief, could not enunciate a bright line test or announce *with certainty* (Movant's citation in it's motion references verbiage merely to the effect of a 'strong implication' but nothing with more finality), that there could be no other

---

policy and recognition of 'constructive' physical loss in context of effect of

circumstances under which the statutory period might be extended, such as herein.

Second, having tolled the statute as of February 29, 2003, Movant cannot point to a date certain when it was re-triggered. That date is critical to ascertaining the expiration of the statute of limitations and the court's jurisdiction. Under the circumstances, it cannot be said that, more likely than not, the within action was untimely filed. At a minimum, given that in this respect the challenge the Court's jurisdiction may fairly be characterized as factual as opposed to facial given the conflicting letters and the effect of the later letter undoing the legal ramifications of the prior letter, the Court should permit resort to extrinsic evidence to resolve the jurisdictional dispute, and consider affidavits and even permit depositions to resolve the issue as to the date the disallowance letter for 1990 was forwarded to Respondent via certified mail pursuant to Daria Gallen's letter, itself mis-dated[3] February 29, 2003. The disallowance letter, whenever dated, should be in the custody and control of Movant and its agents, including Daria Gallen at the Appeals Office of Movant's agent. If a spoliation issue arises, an inference adverse to the Movant should be drawn and under all of the circumstances the disallowance letter should by rebuttable

harmful substances on fitness for intended use of structure).

[3] For the record, 2003 was not a Leap Year.

presumption be deemed to have been published on a date within a time frame rendering the within action timely filed.

**CONCLUSION**

For the reasons stated, Respondent's Second Amended Complaint should not be dismissed for lack of subject matter jurisdiction.

Dated this 12th day of May, 2008.

s/EUGENE A. STEGER, ESQUIRE
ATTORNEY FOR PLAINTIFF