# In the United States Court of Federal Claims

Case No. 07-692T
FOR PUBLICATION
Filed: January 30, 2009

* * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| **WILLIAM C. LEONARD,** | |
| *Plaintiff*, | Motion to Dismiss; RCFC 12(b)(1) |
|  | Internal Revenue Service; Tax Refund |
|  | Statute of Limitations |
| v. | |
| **THE UNITED STATES**, | |
| *Defendant*. | |

* * * * * * * * * * * * * * * * * * * * * *

*Eugene A. Steger*, Steger & Ring, P.C., Chadds Ford, Pennsylvania, for Plaintiff.

*Richard H. Bowles*, Attorney, Tax Division, Court of Federal Claims Section, Department of Justice, with whom were *David Gustafson*, Chief, Court of Federal Claims Section, and *Nathan J. Hochman*, Assistant Attorney General, Washington, DC, for Defendant.

## OPINION and ORDER

**SMITH**, Senior Judge:

On September 26, 2007, Plaintiff filed a Complaint seeking a refund of federal income taxes for the tax year ending December 31, 1990. Defendant filed a Motion to Dismiss alleging that this case is untimely. After careful consideration, and for the reasons set forth in this opinion, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

### I. Facts

Plaintiff, Mr. Leonard, filed suit seeking a refund, offset, or credit of federal taxes in the amount of $22,597.00 which he asserts is the amount he overpaid to Defendant in 1990. Second Am. Compl. ¶¶ 7, 14, 17. Annexed to the Complaint is a letter dated February 6, 2003 ("first letter") to Mr. Leonard from Joseph Ali, Appeals Team Manager for the Internal Revenue Service ("IRS"). Compl. Ex. I. The letter referenced a "Claim for Refund" in the amount of $22,597.00 for the tax year ending December 31, 1990. The letter states: "we [the IRS] cannot allow the above claim for an adjustment to your tax . . . [i]f you wish to bring suit . . . for the recovery of any tax, penalties, or other monies for which this disallowance notice is issued . . . [t]he law permits you to

do this within 2 years from the mailing date of this letter." *Id*.

Also annexed to the Complaint is a second letter dated February, 29, 2003 ("second letter") addressed to Mr. Leonard from Daria Gallen, Appeals Officer for the IRS. Compl. Ex. J. This letter again references a "Claim for Refund/Offset " but also summarizes Mr. Leonard's interactions with the IRS concerning his claim for a refund. *Id*. Ms. Gallen states in pertinent part "I will be issuing the formal disallowance letters over the next two weeks. One letter will be the Statutory Notice of Claim Disallowance for 1990 that will start running of the two-year period in which you have to file suit to recover the overpayment claimed." *Id*.

The issue before the Court is what effect the second letter had upon the first letter; specifically, whether the second letter tolled the statute of limitations as Plaintiff alleges. Defendant argues that the second letter had no effect and, therefore, this case must be dismissed as the case is untimely. For the reasons set forth below, the Court agrees with Defendant that the case must be dismissed.

## II.  Discussion

### A.  Standard of Review

RCFC 12(b)(1) authorizes dismissal of a complaint when the Court lacks jurisdiction over the subject matter. In evaluating a motion to dismiss, the Court must accept all well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Ainslie v. United States*, 355 F.3d 1371, 1373 (Fed. Cir. 2004). Dismissal is appropriate whenever "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### B.  Jurisdiction and Timeliness of Tax Cases

This Court has jurisdiction to hear tax refund cases under the Tucker Act which includes a six year statute of limitations. 28 U.S.C. § 1491. However, Congress, through the Internal Revenue Code, has provided a shorter, two year statute of limitations for tax refund actions in this Court. 26 U.S.C. § 6532. This section provides:

> "No Suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

26 U.S.C. § 6532(a)(1).

This section further provides:

(4) RECONSIDERATION AFTER MAILING OF NOTICE.--Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall *not* operate to extend the period within which suit may be begun.

26 U.S.C. § 6532(a)(4) (emphasis added).

Further, this section states that in order to extend the time within which suit may be brought "The 2-year period prescribed [ ] shall be extended for such period as may be agree upon for such period such period as may be agreed upon in writing between the taxpayer and the Secretary." 26 U.S.C. § 6532(a)(2).

### C. Plaintiff's Case is Untimely

Here, Plaintiff is not contending that there was a written agreement for an extension of time between himself and the Secretary. Instead, Plaintiff argues that the second letter tolled the statute of limitations and that when the third future letter described in Ms. Gallen's letter was sent, that letter would re-start the statute of limitations. However, it is clear to the Court that this argument cannot prevail. 26 U.S.C. § 6532(a)(4) specifically states that any other subsequent action by the Secretary "shall not operate to extend the period within which the suit may be begun." *Id.* Therefore, other than a written agreement between Plaintiff and Secretary to extend the period for bringing suit, any action, including mailing the second letter, would have no affect on the running of the two year period that was triggered by the first letter. Thus, once Defendant mailed the first letter no further correspondence from the IRS, other than an agreement between the Secretary and Plaintiff, could toll the statute of limitations. The conflicting nature of the first letter and the second letter is, therefore, irrelevant under the statute.

### III.  Conclusion

As there was no agreement in this case between the Secretary and Plaintiff, the two year statute of limitations began to run at the time the first letter of notice of disallowance was sent on February 6, 2003. Applying the two year statute of limitations, Plaintiff's case had to be filed prior to February 5, 2005. Instead, Plaintiff's case was filed on September 26, 2007, clearly outside the two year limitation and thus, untimely. Therefore, the Court hereby **GRANTS** Defendant's Motion to Dismiss. The Clerk is hereby **DIRECTED** to **DISMISS** the case.

**It is so ORDERED**.

s/Loren A. Smith
LOREN A. SMITH
Senior Judge